# EXHIBIT 6

# Declaration of David L. Cleveland about records received on June 17, 2019

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMARA EMUWA, et al, )
    Plaintiffs, )
)
v. )   Civil Action No. 20-cv----[?]
)
UNITED STATES DEPARTMENT )
OF HOMELAND SECURITY, )
    Defendant, )
)

## DECLARATION OF DAVID L. CLEVELAND

I, David L. Cleveland, pursuant to 28 U.S. C. § 1746, declare under penalty of perjury:

1. I am an attorney licensed to practice in the District of Columbia, and I am Counsel for plaintiffs in this action.

2. I worked at Catholic Charities in 2019. During that year, Catholic Charities made a FOIA request of DHS for all records concerning the training of its FOIA processors. In response, DHS sent me 1,321 pages on June 17, 2019. Many of the pages had no number and no date.

3. I read each of those pages.

4. Attached hereto are the seven most relevant pages out of the 1,321. The handwriting on the pages is by me. These seven pages are the only ones that discuss "reasonably foreseeable harm." I have written "page 1 of 1,321" on the first page, and "Page 1,208 of 1,321" on the last page.

    I declare under penalty of perjury under the laws of the District of Columbia that foregoing is true and accurate. Dated: May 26, 2020.

Respectfully submitted,

    /s/ David L. Cleveland
    DAVID L. CLEVELAND
    DC Bar # 424209



# U.S. Citizenship and Immigration Services

page 1 of 1,321

(released June 17, 2019)

**EXEMPTION (b)(3)**

Exemption (b)(3) protects from mandatory disclosure items specifically withheld in conjunction with other statutes. The information most often withheld pursuant to Exemption (b)(3) are taxpayer identification numbers, which we cite in conjunction with 26 U.S.C. § 6103.

We also withholding Department of State documents pursuant to Exemption (b)(3), which we cite in conjunction with 8 U.S.C. 1202(f).

We may occasionally protect Grand Jury deliberative material, which is exempted by Rule 6(e) of the Federal Rules of Criminal Procedure.

There is no corresponding Privacy Act exemption for (b)(3) 26 U.S.C. § 6103 or (b)(3) Rule 6(e). Therefore under the PA we will release this information, unless it is exempt under another statute(s). Exemption (b)(3) 8 U.S.C. 1202(f) may stand alone whether under the FOIA or PA.

**EXEMPTION (b)(5)**

Exemption (b)(5) protects privileged communications within or between agencies, including:

- Deliberative Process Privilege, minus the 25 year Sunset provision
- Attorney-Work Product Privilege
- Attorney-Client Privilege

The protection of the Deliberative Process Privilege goes away if the records were produced 25 years or more before the date of the request. Click to read about the FOIA Improvement Act of 2016.
In plain English, if the agency wouldn't have to give you the documents if you were embroiled in a court case with them, you're not going to get them under the FOIA. This includes documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, represent **the work product of an attorney**, or reflect **confidential communications between a client and an attorney** (i.e., this agency and its attorneys). This may also include documents of a pre-decisional nature used in the process of adjudicating applications for benefits (**deliberative process, minus the 25 year Sunset provision**). This does not apply to communications between the alien and his or her attorney or representative.

The President and Attorney General have issued memoranda to all agencies emphasizing that the FOIA reflects a "profound national commitment to ensuring an open Government" and directing agencies to "adopt a presumption in favor of disclosure." If USCIS reasonably foresees that disclosure would cause harm to *deliberative process*, we may withhold the information under Exemption (b)(5).

Specifically, three types of harm have consistently been held to constitute a basis for withholding under the deliberative process privilege, if release would:

14

- Cast a **chilling effect** upon open, frank and honest discussion on matters of policy between subordinates and superiors; or

- **Cause premature disclosure** of proposed policies before they are actually adopted; or

- Cause public **confusion** that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action.

After you have determined that Exemption (b)(5) applies because of deliberative process, you should evaluate the need to protect the information based on one of the three factors listed above.

**Note:** the 25 year Sunset provision and reasonably foreseeable harm only apply to the deliberative process privilege and do not apply to attorney work product or attorney-client communication.

Some documents we routinely withhold pursuant to Exemption (b)(5) include adjudicator's notes, internal e-mail messages, memoranda and other internal documents. We also withhold Westlaw case printouts, including the web address, as long as those printouts were prepared by a United States attorney (that is, an attorney working for Department of Justice or USCIS, and NOT the alien's attorney). This also excludes attorney work product prepared by ICE attorneys, as we now refer those pages to ICE.

The corresponding exemption under the PA for this type of information is Exemption (d)(5), which exempts information compiled in reasonable anticipation of a civil action or proceeding. Most immigration issues are administrative in nature.

Documents with instructional legends (e.g., "For Official Use Only," "Adjudicative Work Product," "Do Not Release Outside the Agency.") **are not** automatically exempt from disclosure under the FOIA or PA. A processor must review these types of documents for content. As a rule, any document marked "Attorney Work Product" is fully exempt under (b)(5) or (d)(5)/(b)(5) if PA unless the document is blank. If the attorney work product has to do with deportation, removal or detention, please refer it to ICE.

**Handwritten Notes:** The deliberative process prong of Exemption (b)(5) does not apply to notes that are trivial in nature, state facts, or were produced 25 years or more before the request. Read and analyze the notes found in the record. Review and carefully apply Exemption (b)(5) only when appropriate.

Examples:
- If an adjudicator's handwritten note from 4 years ago states, "In my opinion the I-485 should be denied due to these charges", Exemption (b)(5) would apply to the handwritten notes.

- If the Adjudicator writes, "please return this file to me after a decision has been reached", Exemption (b)(5) does not apply.

# Reasonably Foreseeable Harm

- We have to evaluate the reasonably foreseeable harm that could be caused by disclosure.

- We must administer FOIA with a clear presumption that in the face of doubt, openness prevails.

- Exemption (b)(5) is not available to protect against embarrassment, but if we can describe reasonably foreseeable harm, then we can cite (b)(5).


U.S. Citizenship and Immigration Services

177

# Deliberative Process – Three Kinds of Harm (three C's):

1. Release could cast a Chilling effect upon open, frank and honest discussions on matters of policy between subordinates and superiors;

2. Release could cause premature disclosure of proposed policies before they are finally adopted; (Cat out of the bag)

3. Release could cause public Confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the agency's action.



U.S. Citizenship and Immigration Services

178



# USCIS FOIA Processing Guide



NRC FOIA Training Office
2/20/2018

1

pex 975 of 1321



# USCIS FOIA Processing Guide



NRC FOIA Training Office
7/25/2018



Page 1,208 of 1,321