# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____  )
                                     )
**AMARA EMUWA,** *et. al*,            )
                                     )
      Plaintiffs,            )
                                     )
      v.                     )   Civil Action No. 20-1756 (TNM)
                                     )
**U.S. DEPARTMENT OF HOMELAND**       )
**SECURITY,**                         )
                                     )
      Defendant.             )
_____  )

Defendant, the U.S. Department of Homeland Security ("DHS"), and its subcomponent the U.S. Citizenship and Immigration Services ("USCIS"), by and through undersigned counsel, respectfully submits this Answer to Plaintiffs' Complaint. Defendant responds specifically to each numbered paragraph of the Complaint as follows:

## DEFENDANT'S RESPONSES TO THE NUMBERED PARAGRAPHS

Defendant denies all allegations in the Complaint, including the relief sought, except when specifically admitted in this Answer. Defendant responds to the specifically enumerated paragraphs as follows:

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [1]

1. The allegations contained in the first sentence of Paragraph 1 consist of Plaintiffs' characterization of this action, to which no response is required. To the extent that a response is

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles may be construed to contain factual allegations, those allegations are denied.

required, Defendant admits that this action purports to be brought under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA") and denies all other allegations.

## THE ASYLUM PROCESS

2-28.  Paragraphs 2-28 consist of Plaintiffs' characterization of purported background information regarding the asylum process, which is irrelevant to this action and to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

29-35. Paragraphs 29-35 consist of Plaintiffs' characterization of a hypothetical scenario regarding four brothers, which is irrelevant to this action and to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs, and therefore denies the allegations.

36-77[2], 79-95.  Paragraphs 36-77 and 79-95 consist of Plaintiffs' characterization of and/or conclusions of law regarding the asylum process, which is irrelevant to this action and to which no response is required.  To the extent that a response is required, Defendant denies the allegations. Defendant respectfully refers the Court to the legal rules, regulations and case law cited in these paragraphs for a full and accurate statement of their contents.

96-104. Paragraphs 96-104 consist of Plaintiffs' characterization of how DHS processes FOIA requests, to which no response is required.  To the extent that a response is required, Defendant denies any allegations.

105-133. Paragraphs 105-133 consist of Plaintiffs' characterization of immigration court proceedings, some of which are not Plaintiffs' own, which are irrelevant to this action and to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

---

[2] Paragraph 78 does not exist in the Complaint.

134-137. Paragraphs 134-137 consist of Plaintiffs' quotations from various other litigations, which are irrelevant to this action and to which no response is required. To the extent that a response is required, Defendant denies the allegations and states that the cases cited speak for themselves.

138-142. Paragraphs 138-142 consist of Plaintiffs' characterization of asylum officers' expectations of privacy court, which are irrelevant to this action and to which no response is required. To the extent that a response is required, Defendant denies any allegations.

143a-149. Paragraphs 143a-149 consist of Plaintiffs' characterization of training given to DHS FOIA processors, to which no response is required. To the extent that a response is required, Defendant denies any allegations.

150-151. Paragraphs 150-151 consist of Plaintiffs' characterization of the FOIA Improvement Act of 2016, to which no response is required. To the extent that a response is required, Defendant denies the allegations and states that the statute speaks for itself.

152-169. Paragraphs 152-169 consist of Plaintiffs' characterization of training given to DHS FOIA processors, which is irrelevant to this action and to which no response is required. To the extent that a response is required, Defendant denies any allegations.

169[3]-174. Paragraphs 169-174 consist of other FOIA requests lodged by Plaintiffs' counsel that do not relate to the FOIA requests at issue in this litigation, which are irrelevant to this action and to which no response is required. To the extent that a response is required, Defendant denies the allegations.

## JURISDICTION

175. The allegations contained in Paragraph 175 consist of conclusions of law regarding

---

[3] Paragraph 169 is repeated twice in the Complaint.

jurisdiction, to which no response is required. To the extent that a response is required, Defendant admits only that this Court has jurisdiction subject to the limitations of the FOIA. Defendant further avers that the statutes cited speak for themselves.

## VENUE

176. The allegations contained in Paragraph 176 consist of Plaintiffs' conclusions of law regarding venue, to which no response is required. To the extent that a response is required, Defendant admits only that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to the FOIA, and that venue is proper in this judicial district.

## PARTIES

*Ms. Emuwa*

177-181. The allegations contained Paragraphs 177-182 consist of Plaintiffs' characterization of Ms. Amara Emuwa, to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

182. Defendant admits that it received a FOIA request from Plaintiff regarding Plaintiff Amara Emuwa on March 18, 2020.

183-184. In response to the allegations in paragraphs 183-184 Defendant admits that on June 1, 2020 it produced all non-exempt materials and issued its Final Action Letter which described USCIS' determination on this request. Plaintiffs have attached this letter to their Complaint so Defendant respectfully refers the Court to it for its truth and denies the remaining allegations in paragraphs 183-184.

185. The allegations in Paragraph 185 contain legal conclusions to which no response is required, to the extent a response is required Defendant denies those allegations.

186. In response to the allegations in Paragraph 186, Defendant respectfully refers the Court to Plaintiff's appeal letter for the truth of its contents and denies any allegations that mischaracterize that submission. *See* Ex. A.

187-189. In response to the allegations in Paragraph 187-189, Defendant respectfully refers the Court to the USCIS Appeal adjudication for the truth of its contents and denies any allegations that mischaracterize that submission. *See* Ex. B.

190. The allegations in paragraph 190 contain legal conclusions to which no response is required, to the extent a response is required Defendant denies the allegations.

*Mr. Lukusa*

191-193. The allegations contained Paragraphs 191-193 consist of Plaintiffs' characterization of Mr. Michaux Lukusa, to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

194. Defendant admits that it received a FOIA request from Plaintiffs regarding Plaintiff Michaux Lukusa on April 23, 2020.

195 – 196. In response to the allegations in paragraphs 195-197, Defendant admits that on June 2, 2020 it produced all non-exempt materials and issued its Final Action Letter which described USCIS' determination on this request. Plaintiffs have attached this letter to their Complaint, so Defendant respectfully refers the Court to it for its truth and denies the remaining allegations in paragraphs 195-196.

197. The allegations in Paragraph 197 contain legal conclusions to which no response is required, to the extent a response is required Defendant denies those allegations.

198. In response to the allegations in Paragraph 198, Defendant respectfully refers the Court to Plaintiff's appeal letter for the truth of its contents and denies any allegations that mischaracterize that submission.

199-201. In response to the allegations in Paragraph 199-201, Defendant respectfully refers the Court to the USCIS Appeal adjudication for the truth of its contents and denies any allegations that mischaracterize that submission.

202. The allegations in paragraph 202 contain legal conclusions to which no response is required, to the extent a response is required Defendant denies those allegations.

*Mr. AlQaraghuli*

203-206. The allegations contained Paragraphs 203-206 consist of Plaintiffs' characterization of Mr. AlQaraghuli, to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

207. In response to the allegations in paragraph 207, Defendant respectfully refers the court to the exhibit cited for its truth and denies the remaining allegations. Further, Paragraph 207 and the unnumbered Paragraph following it contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations

*Ms. Alatanhua*

208-211. The allegations contained Paragraphs 191-193 consist of Plaintiffs' characterization of Ms. Alatanhua, to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

212. In response to the allegations in Paragraph 212, Defendant admits that on March 18, 2020 it received a FOIA request for records about Plaintiff FNU Alatanhua.

213. Defendant denies the allegations in Paragraph 213.

214. Paragraph 214 contains legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations.

*Louise Trauma Center LLC*

215. The allegations contained Paragraph 215 consist of Plaintiffs' characterization of the Louise Trauma Center LLC, to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations.

216. Defendant admits only that it is an agency within the meaning of the FOIA.  The remaining allegations contain Plaintiffs' legal argument and conclusions to which no response is required.

## **FIRST CAUSE OF ACTION: MS EMUWA**

217. Defendant incorporates its responses to Paragraphs 1 through 216 above, and incorporate each response therein as though fully set forth herein.

218. Deny.  Defendant released records responsive to FOIA request NRC2020068744 via email (digital) on June 2, 2020 at 2:54PM.

219. Deny.  Defendant released records responsive to FOIA request NRC2020068744 via email (digital) on June 2, 2020 at 2:54PM.

220. Deny.  Defendant released records responsive to FOIA request NRC2020068744 via email (digital) on June 2, 2020 at 2:54PM.

221. Deny.  Defendant released records responsive to FOIA request NRC2020068744 via email (digital) on June 2, 2020 at 2:54PM.

222. Deny.  Defendant has received an administrative appeal from Plaintiff on June 11, 2020, which Defendant responded to on June 15, 2020.

## SECOND CAUSE OF ACTION: MR LUKUSA

223.   Defendant incorporates its responses to Paragraphs 1 through 216 above, and incorporate each response therein as though fully set forth herein.

224.   Deny.  Defendant released records responsive to FOIA request NRC2020054812 via email (digital) on June 1, 2020 at 8:25AM.

225.   Deny.  Defendant released records responsive to FOIA request NRC2020054812 via email (digital) on June 1, 2020 at 8:25AM.

226.   Deny.  Defendant released records responsive to FOIA request NRC2020054812 via email (digital) on June 1, 2020 at 8:25AM.

227.   Deny.  Defendant released records responsive to FOIA request NRC2020054812 via email (digital) on June 1, 2020 at 8:25AM.

228.   Deny.   Defendant has not received an administrative appeal from Plaintiff.

## THIRD CAUSE OF ACTION: MR ALQARAGHULI

229.   Defendant incorporates its responses to Paragraphs 1 through 216 above, and incorporate each response therein as though fully set forth herein.

230.   Deny.  Defendant released records responsive to FOIA request NRC2020058314 on July 16, 2020, via mail.

240.   [4]Deny.  Defendant released records responsive to FOIA request NRC2020058314 on July 16, 2020, via mail.

241.   Deny.  Defendant released records responsive to FOIA request NRC2020058314 on July 16, 2020, via mail.

---

[4] Paragraphs 231-239 do not exist in the Complaint.

242. Deny. Defendant released records responsive to FOIA request NRC2020058314 on July 16, 2020, via mail.

243. Deny. Defendant released records responsive to FOIA request NRC2020058314 on July 16, 2020, via mail.

244. Deny. Defendant has not received an administrative appeal from Plaintiff.

### FOURTH CAUSE OF ACTION: MR ALQARAGHULI

245. Defendant incorporates its responses to Paragraphs 1 through 216 as though fully set forth herein.

246. Deny. Defendant released records responsive to FOIA request NRC2020054800 on June 23, 2020, via a CD sent through the mail.

247. Deny. Defendant released records responsive to FOIA request NRC2020054800 on June 23, 2020, via a CD sent through the mail.

248. Deny. Defendant released records responsive to FOIA request NRC2020054800 on June 23, 2020, via a CD sent through the mail.

249. Deny. Defendant released records responsive to FOIA request NRC2020054800 on June 23, 2020, via a CD sent through the mail.

250. Deny.

251. Deny. Defendant has not received an administrative appeal from Plaintiff.

### FIFTH CAUSE OF ACTION: NEGLIGENT AND INADEQUATE TRAINING

252. Defendant incorporates its response to Paragraphs 1 through 251 as though fully set forth herein.

253-257. Deny.

### SIXTH CAUSE OF ACTION: LOUISE TRAUMA CENTER

258-265.  These paragraphs are irrelevant to this action and do not allege a claim that can be granted under the FOIA. To the extent that a response is required, Defendant denies the allegations.

### CLASS ACTION ALLEGATIONS

266-311[5], 322-323. Deny

### PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint contains Plaintiffs' requested relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiffs are entitled to the relief requested.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

As to claims or all of the claims asserted in this action, Plaintiffs have failed to state a claim upon which relief may be granted under the Freedom of Information Act (FOIA).

#### Second Affirmative Defense

Plaintiffs are not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to the FOIA, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552(a), *et seq.*

#### Third Affirmative Defense

The Court lacks jurisdiction over the subject matter of this Complaint for any relief that exceeds the relief authorized by statute under 5 U.S.C. § 552.

---

[5] Paragraphs 312-321 do not exist in the Complaint.

Fourth Affirmative Defense

Defendant has conducted adequate searches in response to the underlying requests under FOIA, 5 U.S.C. § 552, as amended, or otherwise is in the process of completing searches and releases of non-exempt, responsive records, or segregable portions thereof.  Defendant further avers that some or all of the requested records may be exempt, in full or in part, from release under FOIA exemptions.

Fifth Affirmative Defense

Plaintiffs have failed to exhaust administrative remedies on three of the four FOIA requests at issue and with respect to the Fifth Cause of Action, alleging tortuous conduct.

Sixth Affirmative Defense

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

WHEREFORE, having fully answered, Defendant request judgment and relief against Plaintiffs as follows:

a)   that the claims against Defendant are dismissed with prejudice and that Plaintiffs takes nothing and is granted no relief;

b)   that Defendant be awarded its costs and disbursements incurred in defending this matter; and

c)   such other and further relief to which Defendant is entitled.

11

Date: July 30, 2020                            Respectfully submitted,

                                                                MICHAEL R. SHERWIN
                                                                Acting United States Attorney
                                                                District of Columbia

                                                                DANIEL F. VAN HORN,
                                                                D.C. BAR # 924092
                                                               Chief, Civil Division

By:     /s/*Kristin D. Brudy-Everett*
        KRISTIN D. BRUDY-EVERETT
        Assistant United States Attorney
        Judiciary Center Building
        555 4th St., N.W.
        Washington, D.C.  20530
        (202) 252-2536
        Kristin.Brudy-Everett@usdoj.gov

*Counsel for Defendant*