# Exhibit B



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Attn: FOIA/PA Appeals Office*
P.O. Box 648010
Lee's Summit, MO 64064-8010

APP2020000959

June 15, 2020

Ella Cleveland
Louise Trauma Center
1234 Mass Avenue NW, Ste. 1019
Washington, DC 20005

Dear Ella Cleveland:

RE:  NRC2020054812

You appealed the action of the National Records Center regarding your request for access to records pertaining to Amara Emuwa, dated June 11, 2020.

The determination of the National Records Center was to withhold 31 pages in part.  The Department of Homeland Security's FOIA regulations provide that FOIA appeals "should clearly identify the component determination [  ] that is being appealed and should contain the reasons the requestor believes the determination was erroneous."  See 6 C.F.R. § 5.8(a)(1).  In your appeal, you have posed numerous questions regarding the Agency's response, but your appeal does not clearly identify the determination(s) that is/are being appealed. A sampling of your questions: How can we appeal if we do not know what the pages are? Why can't you segregate anything out of the pages? How can we appeal if you do not explain your actions? Why were you compelled to send the pages away? What exemptions apply to what documents? Why do you say "may"? Don't you know? What communications are you referring to? Who is the attorney and who is the client? At some later time, are you planning to claim that the agency will suffer harm? Did you consider whether a partial disclosure from these paragraphs was possible? If you did so consider, why didn't you disclose some additional parts? The agency is not required to answer these numerous questions, see Judicial Watch, Inc. v. Dep't of State, 177 F. Supp. 3d 450, 456 (D.D.C. 2016) (finding that "[a] question is not a request for records under FOIA and an agency has no duty to answer a question posed as a FOIA request.") (aff'd on other grounds, 681 Fed. Appx. 2 (D.C. Cir. 2017)); Jean-Pierre v. BOP, 880 F. Supp. 2d 95, 103 (D.D.C. 2012) (concluding that request for objective pieces of information, such as "who gave the order" and "on what day," are not "cognizable under FOIA, because they ask questions calling for specific pieces of information rather than records"); Rodriguez-Cervantes v. HHS, 853 F. Supp. 2d 114, 116-17 (D.D.C. 2012) ("As [plaintiff's] letters merely pose questions . . . or ask for assistance in applying for Social Security benefits, they do not constitute valid FOIA requests.").

To the best of my ability to interpret your questions as objections to specific withholding, and as a result of discussions with the National Records Center, I have decided to release 28 additional pages to you. Enclosed are 23 pages released in their entirety and 5 pages released in part. Information has been redacted pursuant to 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(c), and (b)(7)(e) of the FOIA.

On the remaining pages, I found that the National Records Center properly withheld certain information that is protected from disclosure. This information is not appropriate for discretionary release.

The following exemptions are applicable:

Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted

APP2020000959
Page 2

invasion of personal privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, drivers' licenses, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

Exemption (b)(5) provides protection for inter-agency or intra-agency memorandums or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information that we have withheld under this exemption may consist of documents containing pre-decisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

Exemption (b)(7)(E) of the FOIA provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld information relating to third-party individuals. The types of documents and/or information that we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

The National Records Center located potentially responsive documents that may have originated from Immigration and Customs Enforcement (ICE), *which has directed U.S. Citizenship and Immigration Services (USCIS) to refer all ICE equities to ICE.*The National Records Center sent the document(s) and a copy of your Freedom of Information Act (FOIA) request to the ICE FOIA Office for consideration and direct response to you. This is consistent with departmental regulations (See 6 C.F.R. 5.4(d)), which states that when a component receives a request for a record in its possession, it shall determine whether another component, or another agency of the Federal Government, is better able to determine whether the record is exempt from disclosure under the FOIA and, if so, whether it should be disclosed as a matter of administrative discretion.If the receiving component determines that it is best able to process the record in response to the request, then it shall do so. If the receiving component determines that it is not best able to process the record, then it shall either: (1) Respond to the request regarding that record, after consulting with the component or agency best able to determine whether to disclose it and with any other component or agency that has a substantial interest in it; or (2) Refer the responsibility for responding to the request regarding that record to the component best able to determine whether to disclose it, or to another agency that originated the record (but only if that agency is subject to the FOIA). Ordinarily, the component or agency that originated a record will be presumed to be best able to determine whether to disclose it.Questions concerning the status of the processing of the document(s) should be directed to the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov. The ICE FOIA Office mailing address is 500 12th Street, S.W., Stop 5009, Washington, D.C. 20536-5009.

In your appeal letter, you requested what is tantamount to a Vaughn index; however, at this stage a Vaughn index is not given or required. *See Vaughn v. Rosen*, 484 F. 2d 820 (D.C. Cir. 1973). Your request to itemize and justify each item of the information withheld is denied. You are not entitled to such a listing at the administrative stage of processing Freedom of Information Act (FOIA) requests and appeals. *See Judicial Watch v. Clinton*, 880 F.Supp. 1, 11 (D.D.C. 1995). Since what you seek is outside the responsibilities of this office, I cannot assist you in this matter.

APP2020000959
Page 3

If you are dissatisfied with our action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

The Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal Agencies. The OGIS does not have the authority to handle requests made under the Privacy Act of 1974. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
Telephone: (202) 741-5770 or (877) 684-6448
Email: OGIS@nara.gov
Website: ogis.archives.gov

Sincerely,

Alan D. Hughes, Associate Counsel
U.S. Citizenship and Immigration Services

Enclosure(s)