UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMARA EMUWA, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-1756 (TNM) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| | ) | |
| *Defendant*. | ) | |

## JOINT STATUS REPORT

Defendant the Department of Homeland Security, specifically its sub-component U.S. Citizenship and Immigration Services ("Defendant" or "USCIS"), and Plaintiffs Amara Emuwa, et al. ("Plaintiff" and, together with USCIS, "Parties"), and by and through undersigned counsel, respectfully submit this Joint Status Report pursuant to the Court's July 31, 2020 Minute Order.

1.      On June 29, 2020, Plaintiff filed a complaint alleging that Defendant violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by failing to produce requested records regarding asylum office assessments for four plaintiffs: Amara Emuwa, Micheaux Lukusa, Mohammed AlQaraghuli, and First Name Unknown ("FNU") Alatanhua. ECF No. 1 ¶¶ 177-214, 324.  Plaintiff also alleged that USCIS has a pattern or practice of violating FOIA, ECF No. 1 ¶¶ 143a-146, 252-257, and claims a class action, ECF No. 1 ¶¶ 266-323.

2.      On July 30, 2020, Defendant answered Plaintiff's Complaint.  ECF No. 9.

3.      On July 31, 2020, this Court issued a Minute Order ordering the Parties to meet and confer and file a Joint Status Report on or before August 31, 2020, proposing a schedule for proceeding in this matter. The Court ordered further that the schedule should address, among other

1

things, the status of Plaintiffs' FOIA request, the anticipated number of documents responsive to Plaintiffs' FOIA request, the anticipated date(s) for release of the documents requested by Plaintiffs, whether a motion for an *Open America* stay is likely in this case, whether a *Vaughn* index will be required in this case, and a briefing schedule for dispositive motions, if required.

4.     Parties conferred via email on August 24 and 28, 2020, and via phone on August 28, 2020.

5.     The Parties report as follows:

a.   With respect to the status of Plaintiffs' FOIA requests, Defendant maintains that all records have been produced in this case.   Plaintiffs disagree. More information on the parties' respective stances can be found below.

b.   With respect to whether a motion for an *Open America* stay is likely in this case, Defendant reports that it does not expect to move for an *Open America* stay.

c.   With respect to whether a *Vaughn* index will be required in this case, Defendant states that a *Vaughn* index will only be necessary if the Parties are unable to resolve issues related to records potentially subject to one or more FOIA exemption.   To the extent that any potentially responsive documents are withheld, the Parties will work to meet and confer in order to narrow the scope of issues that might need to be addressed in a *Vaughn* index prior to dispositive briefing.

d.   Regarding a briefing schedule for dispositive motions, the parties have articulated their positions below.

**<u>Plaintiffs' Position</u>**

This case concerns a three-page document, titled "asylum office assessment."

2

Plaintiffs believe this document should be released in full.  DHS has released the first half of the document to each of the four individual plaintiffs, but believes that nothing more should be released.

The Fifth Cause of Action is entitled NEGLIGENT AND INADEQUATE TRAINING. Plaintiffs allege that DHS negligently trained its processors concerning the FOIA Improvement Act of 2016.

This case is brought as a class action. As stated in ¶ 268 of the Complaint, the class consists of "of all persons who, since June 30, 2016, have made, or will make during the pendency of this lawsuit, a FOIA request for the entire Assessment of their asylum office, but were rebuffed."

ECF # 9 is the Answer of DHS to the allegations in the Complaint.  DHS denied almost all of the allegations.

DISCOVERY

Most of the Complaint alleges facts about DHS itself. Plaintiffs believe that every sentence in the Complaint is true. If DHS will answer Interrogatories and Requests for Admissions, the status opposing counsel will soon agree.

Plaintiffs sent nine Interrogatories, under Civil Rule 33, to DHS on August 3rd.

Plaintiffs request that discovery continues, and finishes by December 31st.

*The status of plaintiffs' request*

DHS released the first one and one-half pages of the assessment for each individual plaintiff, and believes the remainder is exempt from disclosure.

DHS has released nothing to the other class members.

*Anticipated number of documents that are responsive*

Plaintiffs believe that there are at least 100 members of this class. 100 x three pages = 300 pages.

*Anticipated date of release*

DHS believes it has fully responded; plaintiff does not agree.

**Defendant's Position**

1.)    Defendant maintains that all records have been produced in this case; Plaintiffs have failed to exhaust their administrative remedies; Plaintiffs have failed to properly form a class under Rule 23[1]; Plaintiffs' allegations of improper training cannot be adjudicated in the context of a FOIA lawsuit; and Plaintiffs' request for discovery is not appropriate in this case, as discovery is the exception and not the rule in FOIA cases.

2.)    Defendant reports the following about Plaintiff's FOIA requests:

a.    Amara Emuwa (FOIA tracking number NRC2020054812) – Plaintiff Emuwa submitted a FOIA request, through counsel, to USCIS on March 18, 2020.   USCIS digitally released 363 pages of responsive records to Plaintiff Emuwa on June 1, 2020 at 8:25AM EST.  Of the 363 pages, 250 pages were released in their entirety; 37 pages were withheld in full; and 63 pages were released in part, subject to partial withholdings pursuant to FOIA Exemptions (b)(3), (b)(5), (b)(6), (b)(7)(c), and (b)(7)(e).  No appeal was filed, thus failing to exhaust administrative remedies.

b.    Michaux Lukusa (FOIA tracking number NRC2020068744) – Plaintiff Lukusa submitted a FOIA request, through counsel, to USCIS on April 23, 2020.  USCIS digitally released 371 pages of responsive records to Plaintiff Lukusa on June 2, 2020 at 2:54PM EST.  Of the 371

---

[1] Unless the requested material falls within one of the nine statutory exemptions, FOIA requires that it be made available on demand to any member of the general public. *Wash. Post Co. v. United States Dep't of Health & Human Servs.*, 690 F.2d 252, 255 (1982).

pages, 338 pages were released in their entirety; 3 pages were withheld in full; and 28 pages were released in part, subject to partial withholdings pursuant to FOIA Exemptions (b)(3), (b)(5), (b)(6), (b)(7)(c), and (b)(7)(e).  No appeal was filed, thus failing to exhaust administrative remedies.

       c.      <u>Mohammed AlQaraghuli (FOIA tracking number NRC2020058314)</u> – Plaintiff AlQaraghuli submitted a FOIA request, through counsel, to USCIS on March 26, 2020.   USCIS released 505 pages of responsive records to Plaintiff AlQaraghuli via a CD mailed on or around July 16, 2020.  Of the 505 pages, 334 pages were released in their entirety; 31 pages were withheld in full; and 140 pages were released in part, subject to partial withholdings pursuant to FOIA Exemptions (b)(3), (b)(5), (b)(6), (b)(7)(c), and (b)(7)(e).  No appeal was filed, thus failing to exhaust administrative remedies.

       d.      <u>FNU Alatanhua (FOIA tracking number NRC2020054800)</u> – Plaintiff Alatanhua submitted a FOIA request to USCIS through counsel on March 18, 2020.   USCIS released 290 pages of responsive records to Plaintiff Alatanhua via a CD mailed on or around June 23, 2020.  Of the 290 pages, 226 pages were released in their entirety; 21 pages were withheld in full; and 43 pages were released in part, subject to partial withholdings pursuant to FOIA Exemptions (b)(3), (b)(5), (b)(6), (b)(7)(c), and (b)(7)(e).  No appeal was filed, thus failing to exhaust administrative remedies.

       3.)      Regarding Plaintiffs' pattern and practice claims, Defendant maintains that USCIS does not have a pattern or practice of improperly withholding records under the FOIA. Specifically, USCIS does not improperly withhold the analysis section of asylum assessments, as evidenced by the numerous favorable opinions issued by this District Court on this topic. Regarding Plaintiffs' discovery request, FOIA cases are generally not resolved through discovery and thus discovery is generally disfavored.  Moreover, Plaintiffs have not given any grounds that

justify discovery in this case, and because the requirements of Fed. R. Civ. P. 16(b) and 26(f) do not apply to FOIA actions, Defendant will not be answering any discovery requests sent by Plaintiff.

      4.)    Defendant maintains that Plaintiffs have failed to properly form a class under Fed. R. Civ. P. 23.

      5.)    Defendant maintains that Plaintiffs' allegations of improper training cannot be adjudicated within the context of FOIA.

      6.)    Given there are no more records to be produced, Defendant proposes the following briefing schedule for dispositive motions on the FOIA matters in this case:

- September 30, 2020: Defendant's motion for summary judgment
- October 30, 2020: Plaintiffs' combined cross-motion for summary judgment and opposition to Defendant's motion
- November 20, 2020: Defendant's combined opposition to Plaintiffs' cross-motion and reply
- December 11, 2020: Plaintiffs' reply

Dated: August 31, 2020            Respectfully submitted,

                          MICHAEL R. SHERWIN
                          Acting United States Attorney
                          District of Columbia

                          DANIEL F. VAN HORN,
                          D.C. BAR # 924092
                          Chief, Civil Division

            By:     */s/Kristin D. Brudy-Everett*
                          KRISTIN D. BRUDY-EVERETT
                          Assistant United States Attorney
                          Judiciary Center Building

555 4th St., N.W.
Washington, D.C.  20530
(202) 252-2536
Kristin.Brudy-Everett@usdoj.gov

*Counsel for Defendant*


_s/ David L. Cleveland_
David L. Cleveland
Attorney for Plaintiffs
DC Bar # 424209
1220 L Street NW #100
Washington, DC 20005
[202] 812-8684  <1949.david@gmail.com>

*Counsel for Plaintiffs*