UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                  )
**AMARA EMUWA,** *et. al*,         )
                                  )
       Plaintiffs,    )
                                  )
       v.             )   Civil Action No. 20-1756 (TNM)
                                  )
**U.S. DEPARTMENT OF HOMELAND**   )
**SECURITY,**                     )
                                  )
       Defendant.     )
_____)


**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO FILE MOTION FOR CLASS CERTIFICATION**

       Pursuant to the Court's September 22, 2020 Minute Order, Defendant, the U.S. Department of Homeland Security ("DHS"), and its subcomponent the U.S. Citizenship and Immigration Services ("USCIS"), by and through undersigned counsel, respectfully submits this response to Plaintiffs' Motion for Extension of Time to File Motion for Class Certification, ECF No. 11.

       Defendant opposes the motion for extension for time to file a motion for class certification because Plaintiffs have not given good cause for the extension, or any cause at all.  Rule 6 of the Federal Rules of Civil Procedure sets out the standard that "…..the court may for *good cause*, extend the time. . . ." FED. R. CIV. P. 6(b)(1) (emphasis added).  The Court has held that "[t]he focus of the 'good cause' inquiry is whether the party seeking the extension has shown due diligence in meeting the deadline to respond." *McFadden v. Washington Metro. Area Transit Auth.*, 2014 WL 12776122, at *2 (D.D.C. Sept. 9, 2014); *see also Barnes v. D.C.*, 289 F.R.D. 1, 7 (D.D.C. 2012); *Coleman v. D.C.*, 284 F.R.D. 16, 21 (D.D.C. 2012).   The Court has found that good cause generally means "[a] legally sufficient reason," and shifts the "'the burden placed on

a litigant (usu. by court rule or order) to show why a request should be granted or an action excused.'" *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 355 (3d Cir. 2011) (quoting BLACK'S LAW DICTIONARY 251 (9th ed. 2009)); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) ("The "good cause" inquiry 'focuses on the moving party's burden to show due diligence'"). Here, no such showing has been made – Plaintiffs have had 90 days to move to certify the class and now ask for another 30 days with no justification at all.

Secondly, it is notable that Plaintiffs' counsel twice attempted to certify a class with nearly the same language ("all persons who, since June 30 2016, have made, or will make during the pendency of this lawsuit, a FOIA request for the entire Assessment of their asylum officer, but were rebuffed," ECF No. 1 ¶ 268) for many of the same claims, in *Gatore v. United States Department of Homeland Security*, 15-cv-459, which is pending before Judge Walton for judgment on claims made in this case. The certification was denied both times. *See Gatore v. U.S. Dep't of Homeland Sec.*, 327 F. Supp. 3d 76, 102–04 (D.D.C. 2018).

Given the above reasons, Defendant respectfully requests that the Court deny Plaintiffs' Motion for Extension of Time.

Date: September 24, 2020         Respectfully submitted,

                                           MICHAEL R. SHERWIN
                                           Acting United States Attorney
                                           District of Columbia

                                           DANIEL F. VAN HORN,
                                           D.C. BAR # 924092
                                           Chief, Civil Division

                        By:     /s/*Kristin D. Brudy-Everett*
                                             KRISTIN D. BRUDY-EVERETT
                                             Assistant United States Attorney

        Judiciary Center Building
        555 4th St., N.W.
        Washington, D.C.  20530
        (202) 252-2536
        Kristin.Brudy-Everett@usdoj.gov

*Counsel for Defendant*