*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

# EXHIBIT A

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

**PDF Titled NRC2020054812 Amara Akuoma Emuwa**

| PDF PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|---|---|---|---|---|
| 11 | DOCUMENT | Assessment to Refer for Amara Emuwa | B5 DELIBERATIVE PROCESS PRIVILEGE | Exemption (b)(5) was used to withhold deliberative information within the "analysis of prohibitions against filing for asylum" section of the assessment.  The material is pre-decisional and  releasing the information withheld would chill or deter USCIS employees from engaging in the candid and frank discussions that are so important and necessary to the full and proper analysis and fair consideration of these asylum requests on the merits.  Accordingly, this material is appropriately exempt from disclosure pursuant to exemption (b)(5). All other information was segregated and determined non-exempt and disclosed. |
| 12 | DOCUMENT | Assessment to Refer for Amara Emuwa | B5 DELIBERATIVE PROCESS PRIVILEGE | Exemption (b)(5) was used to withhold deliberative information in section iv. Credibility and v. Focused analysis component.  The material is pre-decisional and  releasing the information withheld would chill or deter USCIS employees from engaging in the candid and frank discussions that are so important and necessary to the full and proper analysis and fair consideration of these asylum requests on the merits.  Accordingly, this material is appropriately exempt from disclosure pursuant to exemption (b)(5). All other information was segregated and determined non-exempt and disclosed. |
| 149, 153, 154, 156, 159, 163, 164, 166, 169, 171, 173 | DOCUMENT | Declaration from a friend of applicant | B6 | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application.  Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately  exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. |
| 157, 165, 168 | DOCUMENT | Passport | B6 | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application.  Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| | | | | |
|---|---|---|---|---|
| | | | | unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. |
| 170, 172, 174 | **DOCUMENT** | **Driver's License** | **B6** | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application.  Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. |
| 223-224 | **DOCUMENT** | **Asylum and NACARA FORM. Where officer initials and law enforcement and immigration systems results are redacted** | **B7C & B7E** | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within immigration enforcement information in DHS systems. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. <br><br> Exemption (b)(7)(e) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to exemption (b)(7)(e).  All other information on these pages was segregated and released. |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| 228 | DOCUMENT | Referred to ICE | | |
|---|---|---|---|---|
| 229, 230, 231 | DOCUMENT | Results of person search | B7E | Exemption (b)(7)(e) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to exemption (b)(7)(e).  All other information on these pages was segregated and released. |
| 233 - 235 | DOCUMENT | Officer names or initials and Search results from TECS | B7C & B7E | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within immigration enforcement information in dhs systems. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed.<br><br>Exemption (b)(7)(e) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to exemption (b)(7)(e).  All other information on these pages was segregated and released. |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| 236, 238 | DOCUMENT | TECS Record Person Query | B7C & B7E | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within immigration enforcement information in DHS systems. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed.<br><br>Exemption (b)(7)(e) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to exemption (b)(7)(e).  All other information on these pages was segregated and released. |
|---|---|---|---|---|
| 235, 237, 239 | DOCUMENT | NNSV Query Result | B7C & B7E | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within immigration enforcement information in DHS systems. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed.<br><br>Exemption (b)(7)(e) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| | | | | |
|---|---|---|---|---|
| | | | | involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to exemption (b)(7)(e). All other information on these pages was segregated and released. |
| **240 - 241** | **DOCUMENT** | **TECS IBIS Inquiry** | **B7E** | Exemption (b)(7)(e) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to exemption (b)(7)(e). All other information on these pages was segregated and released. |
| **242-252 253-257 258-262 275-290 291-300 301 – 305** | **DOCUMENT** | **Non Immigrant Visa Application State Department Records** | **B3 & 7E** | Exemption (b)(3) was used to protect information pursuant to Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f). This information concerns the issuance or refusal of a permit to enter the United States by the U.S. Department of State and is exempt from disclosure by statute.<br><br>Exemption (b)(7)(e) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to exemption |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| | | | | |
|---|---|---|---|---|
| | | | | (b)(7)(e).  All other information on these pages was segregated and released. |
| **263 - 274** | | **Referred to ICE. Student and Exchange Visitor Information System Check** | | |
| **306 341 363** | **DOCUMENT** | **Search results from immigration and law enforcement systems** | **B7E** | Exemption (b)(7)(e) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to exemption (b)(7)(e).  All other information on these pages was segregated and released. |
| **339 - 340** | **DOCUMENT** | **CPMS Query** | **B7E** | Exemption (b)(7)(e) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to exemption (b)(7)(e).  All other information on these pages was segregated and released. |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

**PDF Titled NRC2020054800 (Alatanhua)**

| PDF PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|---|---|---|---|---|
| 12 | Document | Section V. Credibility Determination/Evidence Assessment and Section VI. Focused Legal Analysis Section VII. Bars to Asylum | B5 Attorney Work Product Privilege and Deliberative Process Privilege | Exemption (b)(5) was used to withhold deliberative information and attorney-client protected information. The material is pre-decisional and releasing the information withheld would chill or deter USCIS employees from engaging in the candid and frank discussions that are so important and necessary to the full and proper analysis and fair consideration of these asylum requests on the merits.  Accordingly, this material is appropriately exempt from disclosure pursuant to exemption (b)(5). All other information was segregated and determined non-exempt and disclosed.

The attorney-work product privilege was applied to the section of the assessment titled "Focused Legal Analysis." The attorney-work product privilege was invoked to protect materials prepared by or for an attorney in preparation for litigation.  The privilege was applied to information concerning ongoing or potential litigation concerning this applicant. The attorney-work product privilege may be withheld in full pursuant to the FOIA, and here there were no segregable material within the section that this exemption was applied. |
| 15 | Document | Record of Applicant and Interpreter Oaths During an Interview address and ID of interpreter | B6 | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application.  Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. |
| 18 | Picture | Photograph of third party | B6 | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application.  Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| 85-88 145-148 | Document | Identification documents of third party | B6 | Exemption (b)(6) was used to withhold in full the personal identifying information of a third party contained within the application. Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. |
|---|---|---|---|---|
| 170-171 | Document | The names or initials of the immigration officer on an Asylum Checklist and the immigration systems search results | B7C & 7E | Exemption (b)(7)(C) was applied to withhold identifying information concerning third parties. These third parties have not consented to disclosure of this information located in a law enforcement investigation. The disclosure of this information could reasonably be expected to constitute an unwarranted invasion of these third parties' personal privacy. Therefore, this information is appropriately exempt pursuant to Exemption (b)(7)(C).

Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| 174 | Document | Immigrations system search results | B7E | Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable |

| | | | | |
|---|---|---|---|---|
| | | | | harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| **185** | **Document** | **USCIS Memorandum about TECS results for subject** | **B7C&7E** | **Withheld in full**<br>Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within a law enforcement memorandum.  Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed.<br><br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| **186-196** | | **The names or initials of the immigration officer on a TECS record and the immigration systems search results. SEVIS information pursuant to State Department guidance** | **B6, B7C & 7E**<br><br>**B3** | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application.  Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed.<br><br>Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within immigration enforcement information in DHS systems. Exemption 7(c) provides protection for law enforcement information the disclosure of which |

| | | | | "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. |
|---|---|---|---|---|
| | | | | Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| | | | | Exemption (b)(3) was used to protect information pursuant to Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f).  This information concerns the issuance or refusal of a permit to enter the United States by the U.S. Department of State and is exempt from disclosure by statute. |
| **197-199** | | **SEVIS information pursuant to State Department guidance** | **B3, B7E** | **Withheld in full**<br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| | | | | |
|---|---|---|---|---|
| | | | | Exemption (b)(3) was used to protect information pursuant to Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f).  This information concerns the issuance or refusal of a permit to enter the United States by the U.S. Department of State and is exempt from disclosure by statute. |
| 200 - 212 | | **SEVIS information pursuant to State Department guidance and system navigation coding** | **B3, B7E** | Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E).<br><br>Exemption (b)(3) was used to protect information pursuant to Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f).  This information concerns the issuance or refusal of a permit to enter the United States by the U.S. Department of State and is exempt from disclosure by statute. |
| 218 - 222 | | **Identification information of third party** | **B6** | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application.  Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. |
| 233-238 | | **Third party information** | **B6, B7E** | **Withheld in full**<br>Exemption (b)(6) was used to withhold in full the personal identifying information of a third party contained within the application.  Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| | | | | |
|---|---|---|---|---|
| | | | | unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.<br><br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| **239** | | **FBI enforcement information** | **B7E** | Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

### PDF Titled NRC202058314

| PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|---|---|---|---|---|
| Page 14 - 16 | Document | Assessment to Refer. Description and analysis of applicant's testimony | B5 Deliberative Process<br><br>B7E | Exemption (b)(5) was used to withhold deliberative information within the "analysis of prohibitions against filing for asylum" section of the assessment.   The material is pre-decisional and releasing the information withheld would chill or deter USCIS employees from engaging in the candid and frank discussions that are so important and necessary to the full and proper analysis and fair consideration of these asylum requests on the merits. Accordingly, this material is appropriately exempt from disclosure pursuant to exemption (b)(5).<br><br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs.  This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| Page 21 | Document | Record of Applicant and Interpreter Oaths. Address and identity documentation presented by the interpreter | B6 | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application. Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. |
| Page 23 | Document | Driver's license of Asylum Officer and Interpreter | B6 | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application. Exemption 6 permits the government to withhold all information |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|---|---|---|---|---|
| | | | | about individuals when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. All other information was segregated and determined non-exempt and disclosed. |
| Page 205 | Document | Phone number of USCIS employee | B6 | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application. Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. All other information was segregated and determined non-exempt and disclosed. |
| Page 206 | Document | I-213 Record of Deportable/Inadmissible Alien. Immigration Officer signatures or Initials | B7C | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within the application. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. All other information was segregated and determined non-exempt and disclosed. |
| Page 207 – 208 Page 265 - 266 | Document | Immigration Officer signatures or Initials | B7C | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within the application. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. All other information was segregated and determined non-exempt and disclosed. |
| Page 211-213 | Document | EARM – Immigration system printout. Officer | B7C&E | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within the |

| PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|---|---|---|---|---|
| **Page 279-291** | | **account numbers; event numbers; and officer names; and landmark identification information; system navigation coding** | | application.  Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed.<br><br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs.  This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| **Page 214-215** | **Document** | **TECS Inquiry response indicators and system navigation codes** | **B7E** | Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs.  This information reveals the types and results of the TECS database, which are specific techniques and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E).  All other information on these pages was segregated and released. |
| **Page 217-218**<br>**Page 302** | **Document** | **TECS Record of Inquiry results** | **B7C & B7E** | **Withheld in full**<br>Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within the |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|------|------|-------------|-----------|------------------------|
| **Page 311**<br>**Page 329** | | | | application. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. All other information was segregated and determined non-exempt and disclosed.<br><br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types and results of the TECS database, which are specific techniques and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). All other information on these pages was segregated and released. |
| **Page 219 - 225** | **Document** | **USCIS Chicago Asylum Office Memorandum about searches of immigration systems** | **B7C B7E** | **Withheld in full**<br>Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within the application. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. All other information was segregated and determined non-exempt and disclosed.<br><br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the results of the fingerprint check conducted in this case, which is part of specific guidelines, |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|------|------|-------------|-----------|------------------------|
| | | | | techniques and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). All other information on these pages was segregated and released. |
| Page 226-237 Page 239 Page 240 | Document | The name and personal information about the officer running a TECS Person Query report and accompany immigration system law enforcement records | B6, B7C B7E B3 | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application. Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. All other information was segregated and determined non-exempt and disclosed. Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within the application. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. All other information was segregated and determined non-exempt and disclosed. Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types and results of the TECS database, which are specific techniques and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|---|---|---|---|---|
| | | | | reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). All other information on these pages was segregated and released.<br><br>Exemption (b)(3) was used to protect information pursuant to Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f). This information concerns the issuance or refusal of a permit to enter the United States by the U.S. Department of State and is exempt from disclosure by statute. |
| Page 238<br>Page 241<br>Page 243<br>Page 245 | Document | US CBP NNSV Query results and name of officer running the search | B7C & B7E | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within immigration enforcement information in DHS systems. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. All other information was segregated and determined non-exempt and disclosed.<br><br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. |
| Page 242<br>Page 244<br>Page 246<br>Page 297 | Document | TECS person query results and system navigation coding | B7E | Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types and results of the TECS database, which are specific techniques and procedures |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|---|---|---|---|---|
| **Page 299-301** | | | | involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E).  All other information on these pages was segregated and released. |
| **Page 248-251**<br>**Page 361-364** | **Document** | **Non Immigrant Visa Applicant information** | **B3 and B7C** | **Withheld in full**<br>Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within the application.  Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed.<br><br>Exemption (b)(3) was used to protect information pursuant to Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f).  This information concerns the issuance or refusal of a permit to enter the United States by the U.S. Department of State and is exempt from disclosure by statute. |
| **Page 252 – 256**<br>**Page 258**<br>**Page 386**<br>**Page 428**<br>**Page 435-436** | **Document** | **Law enforcement Information about an individual's immigration status** | **B7E & B7C** | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within the application.  Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|---|---|---|---|---|
| | | | | Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs.  This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| Page 257 Page 263 Page 269 Page 461 Page 480 | Document | Case status information to include law enforcement codes | B7E | Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs.  This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| Page 262 Page 269 Page 270 Page 272 Page 279 | Document | System navigation coding | B7E | Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs.  This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|------|------|-------------|-----------|------------------------|
| | | | | information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| **Page 270-271** | | **The Apprehension Method and Terminal ID and system navigation code were redacted.** | **B7C & B7E** | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within immigration enforcement information in DHS systems. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. All other information was segregated and determined non-exempt and disclosed. |
| | | | | Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| **Page 292 - 296** | **Document** | **USCIS Person Query that lists systems that were checked and results as well as system navigation codes.** | **B7E** | Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|---|---|---|---|---|
| | | | | information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| **Page 303-310 Page 312-328 Page 330-355 Page 450-451** | **Document** | **IBIS/TECS printout officer ID codes and system navigation codes and law enforcement information** | **B7C & B7E & B3** | **Withheld in part** Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within the application.  Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately  exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs.  This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). Exemption (b)(3) was used to protect information pursuant to Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f).  This information concerns the issuance or refusal of a permit to enter the United States by the U.S. Department of State and is exempt from disclosure by statute. |
| **Page 356** | **Document** | **Student and Exchange Visitor Information System Check where the name of the officer** | **B6, 7C** | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application.  Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would |

| PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|------|------|-------------|-----------|------------------------|
| | | conducting the search is redacted as well as system navigation codes | | constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed.<br><br>Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within immigration enforcement information in DHS systems. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. |
| Page 365 - 370 | Document | System navigation codes | B3 & B7E | Exemption (b)(3) was used to protect information pursuant to Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f).  This information concerns the issuance or refusal of a permit to enter the United States by the U.S. Department of State and is exempt from disclosure by statute.<br><br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs.  This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| Page 397 | Document | Fraud Indicators Worksheet for | B7C & 7E | Withheld in full |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|---|---|---|---|---|
| | | **Mohammed Al Qaraghuli** | | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within the application. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. All other information was segregated and determined non-exempt and disclosed.<br><br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| Page 443-446 | **Document** | **Form G-28 Notice of Appearance as Attorney** | **B6 Misfiled unrelated to individual should have been Out of Scoped** | **Withheld in full** |
| Page 501 | **Document** | **Fax transmission sheet personal identifying information** | **B6, B7C** | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application. Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. All other information was segregated and determined non-exempt and disclosed. |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| PAGE | TYPE | DESCRIPTION | EXEMPTION | EXEMPTION DESCRIPTION |
|------|------|-------------|-----------|------------------------|
| | | | | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within immigration enforcement information in DHS systems. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. |
| Page 502 | Document | Communication from Border Patrol agent to USCIS Asylum Officer advising about information collected to determine status decisions. | B7C & 7E | Exemption (b)(7)(c) was used to withhold in full the personal identifying information of law enforcement personnel contained within a law enforcement memorandum. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.<br><br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs.  This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

PDF NRC2020068744 Lukusa

| PDF Page | Type | Description | Exemption | Exemption Description |
|---|---|---|---|---|
| 18 - 19 | DOCUMENT | Asylum Officer analysis of applicant's testimony in the Assessment to Refer for Michaux Kaninda Lukusa | B5 Deliberative Process | Exemption (b)(5) was used to withhold deliberative information within the "analysis of prohibitions against filing for asylum" section of the assessment.   The material is pre-decisional and   releasing the information withheld would chill or deter USCIS employees from engaging in the candid and frank discussions that are so important and necessary to the full and proper analysis and fair consideration of these asylum requests on the merits.  Accordingly, this material is appropriately exempt from disclosure pursuant to exemption (b)(5). All other information was segregated and determined non-exempt and disclosed. |
| 21 | Document | Address of the interpreter | B6 | Exemption (b)(6) was used to withhold the personal identifying information of a third party contained within the application.  Exemption 6 permits the government to withhold all information about individuals when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed. |
| 316 | Document | Officer initials and actions taken on "Action Sheet" | B7C & E | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within immigration enforcement information in DHS systems. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed.

Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| PDF Page | Type | Description | Exemption | Exemption Description |
|---|---|---|---|---|
| | | | | and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| 317 - 318 | Document | **Officer initials and immigration and law enforcement systems check results** | **B7C & E** | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within immigration enforcement information in DHS systems. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure.  All other information was segregated and determined non-exempt and disclosed.

Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| 321 | Document | **EARM search results page** | **REFERRED to ICE** | |
| 322 - 323 | Document | **Name of immigration/law enforcement system that was searched for applicant in USCIS systems** | **B7E** | Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives.  The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law.  This |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| PDF Page | Type | Description | Exemption | Exemption Description |
|---|---|---|---|---|
| | | | | expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| 325 – 332 334 | Document | **TECS Inquiry match search results** | **B7C & E** | Exemption (b)(7)(c) was used to withhold the personal identifying information of law enforcement personnel contained within immigration enforcement information in DHS systems. Exemption 7(c) provides protection for law enforcement information the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Because disclosure would constitute a clearly unwarranted invasion of personal privacy is appropriately exempt from disclosure. All other information was segregated and determined non-exempt and disclosed.<br><br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| 336 - 337 | Document | **State Department F1 records** | **B3 & 7E** | Exemption (b)(3) was used to protect information pursuant to Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f). This information concerns the issuance or refusal of a permit to enter the United States by the U.S. Department of State and is exempt from disclosure by statute.<br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal |

*Emuwa et al v. United States Department of Homeland Security*, 20-1756
Vaughn Index

| PDF Page | Type | Description | Exemption | Exemption Description |
|---|---|---|---|---|
| | | | | procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |
| 338 - 348 | Document | State Department Records for a Non-Immigrant Visa Application to include US-VISIT records and system navigation URLs | B3 & 7E | Exemption (b)(3) was used to protect information pursuant to Section 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f). This information concerns the issuance or refusal of a permit to enter the United States by the U.S. Department of State and is exempt from disclosure by statute.<br><br>Exemption (b)(7)(E) was applied to withhold the use of sensitive law enforcement techniques used in investigating the application of plaintiffs. This information reveals the types of background checks conducted in certain cases, which are part of specific guidelines and procedures involved in the enforcement of immigration and national security laws and directives. The disclosure of this information would reveal procedures for the enforcement of immigration and national security laws and could reasonably be expected to risk the circumvention of law. This expectation of circumvention of the law is why there is a foreseeable harm in this information and why it is appropriately exempt pursuant to Exemption (b)(7)(E). |