UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMARA EMUWA, ET AL, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>HOMELAND SECURITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 20-1756 (TNM) |

**AMARA EMUWA'S COUNTER STATEMENT OF FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

DHS sets forth its "Statement of Material Facts as to Which There is No Issue" at page 3 of 41, of EFC No. 14. Plaintiff Amara Emuwa now responds:

PROCEDURAL HISTORY

1-22. Agreed

USCIS RECORDS

23-27. Agreed

28. Denied. Ms. Emuwa alleges that the assessments contain the analysis of the supervisor, not the analysis of the asylum officer. The DHS elsewhere has stated that the assessment contains the analysis of two persons: the asylum officer and also the supervisor. *See* ECF No. 14-2, ¶ 39, second sentence.

29. Denied. Ms. Emuwa alleges that it is the asylum officer who prepares the Referral Notice. *See* Attachment A, paragraph 4.

1

30. Denied. Ms. Emuwa alleges that the assessment contains the analysis of the supervisor, not the asylum officer. *See* paragraph 28, above.

31. Denied. Ms. Emuwa alleges that the assessment contains the analysis of the supervisor, not the asylum officer. *See* Paragraph 28, above.

THE SEARCH FOR RECORDS

32-42. Agreed

CHALLENGES TO DHS'S WITHHOLDINGS

43-49. Denied in part. Ms. Emuwa alleges that DHS is wrongly interpreting Exemption (b)(5) to the assessments.

46. Denied. The work-product privilege does not apply. DHS has elsewhere stated that the "attorney-client" privilege applies. ECF NO. 14, at page 29 of 41, (twice), and again at page 30 of 41. In ECF No. 14-2, Ms. Eggleston says the "attorney-client" privilege applies, at the top of page 9 of 14.

SEGREGATION

50. Denied. DHS did segregate and disclose some information; Ms Emuwa alleges that more information should be released. The entire assessment should be released. At least, sources of information in the assessment should be released.

FORESEEABLE HARM ANALYSIS

51. Denied. Ms. Emuwa denies that anyone conducted a foreseeable harm analysis.

52. Denied. The FOIA Office failed to consider whether any information could be segregated and released without causing a foreseeable harm to the agency

53. Denied. Ms. Emuwa alleges that the assessments are the final decisions of the agency and that they reflect the analysis of the supervisor, not the asylum officer. Ms. Emuwa denies that anyone determined that release of the information would chill or deter anyone. Ms. Emuwa alleges that the release of the information would harm no one.

PLAINTFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE.

1. DHS received a FOIA request from Mohammed AlQaraghuli in March 2020, but did not make a determination within 20 working days. Plaintiffs filed the complaint in this case in June 2020; only after that event did DHS make a determination. Therefore, Mr. AlQaraghuli is deemed to have exhausted all his administrative remedies.
2. From 1998-2005, DHS routinely released entire assessments to FOIA requesters. Attachment A, Declaration of David Cleveland, ¶ 2.
3. DHS changed this policy in 2005, without explanation. *Id.*
4. The asylum officer is the person who creates the Referral Notice, by checking boxes on a computer. *Id.* at ¶ 4.
5. Jill Eggleston's explanations as why assessments are privileged have changed over time. Compare: Attachment BB, Attachment CC, and ECF No. 14-2.
6. The documents behind Attachment C are documents given to asylum officers, and were introduced into evidence in other cases. Attachment C.
7. The documents behind Attachment D are pages from the Affirmative Asylum

   Procedures Manual. Attachment D.

8. Exhibit 6, attached to the complaint, includes a Declaration from David Cleveland and the relevant training materials used before the FOIA was amended in 2016.

9. The "relevant training materials" referenced above were also used by DHS after the FOIA was amended in 2016.

10. DHS did not amend its training materials after the FOIA was amended in 2016.

Date:  October 28, 2020.

/s/ *David L. Cleveland*
David L. Cleveland