# Attachment B

# EXHIBIT 1

Case 1:20-cv-01756-TNM   Document 18-4   Filed 11/08/20   Page 3 of 5
Case 1:18-cv-01238   Document 1-1   Filed 05/29/18   Page 2 of 4
Case 1:13-cv-01566-ABJ   Document 1-4   Filed 10/11/13   Page 1 of 3



U.S. Department of Homeland Security

## Notice Of Intent To Deny

The purpose of this letter is to notify you of the intent to deny your request for asylum. The U.S. Citizenship and Immigration Services ("Service") has carefully considered your written application and accompanying documents, available country conditions materials, and your oral testimony to reach this determination for the reasons given below.

In presenting your request for asylum, you indicated that you are a 41-year-old male native and citizen of Ethiopia, and you stated that you entered the United States at Washington, D.C. on 7/06/2009 and were admitted as an F-1 for the duration of your status.

You fear that you will be imprisoned or tortured by the government of Ethiopia on account of your political opinion.

You testified that you participated in a protest against the Derg regime in 5/1989 at Addis Ababa University. You and the other protesters threw stones at the police and shouted slogans against the Derg regime, and you were caught by police forces who forced you to remove your shoes and stand on gravel. After 6 hours, the police released you to lunch. You were not arrested, although other students were.

You joined the Coalition for Unity and Democracy in 2004. On 6/08/2005, you participated in a protest against the ruling EPRDF party contesting the 05/2005 election results. After EPRDF soldiers fired shots, you ran and were captured by a soldier. You were forced into a car with other protesters and taken to Ziwai prison, where you were interrogated about your reasons for protesting and your involvement with CUD. You denied holding a position in CUD but said that you wanted to express your disagreement with the election results. You were slapped and intimidated and then released after 10 days. You were ordered to sign an agreement not to participate in antigovernment activities.

Case 1:20-cv-01756-TNM   Document 18-4   Filed 11/08/20   Page 4 of 5
Case 1:18-cv-01238   Document 1-1   Filed 05/29/18   Page 3 of 4
Case 1:13-cv-01566-ABJ   Document 1-4   Filed 10/11/13   Page 2 of 3

After your release, you continued your involvement with CUD by distributing literature, contributing money, and recruiting members.

After you left Ethiopia to study in the U.S. in 08/2009, police officers began questioning your family about you. They went to your parents' house and asked your whereabouts. When your parents said you were not there, the officers asked for any materials your parents had about the CUD. Your parents denied having any materials. Officers have visited your parents' home twice.

In 3/2010, you found out that the officers went to the CUD office in Addis Ababa to retrieve documents about your CUD involvement. They forced the CUD employees to turn over your membership card, a letter describing your activities, and the minutes of a meeting during which you expressed opinion supporting the CUD.

Since arriving in the U.S., you have communicated with friends in the CUD through email about CUD activities and recent events in Ethiopia.

In order to receive asylum, an asylum-seeker must establish past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1158, 1101(a)(42); 8 C.F.R. § 208.13(b).

Your testimony was found not credible for the following reasons: inconsistencies within your testimony, inconsistencies between your testimony and written statement, inconsistencies between your testimony and documents provided in support of your application, and lack of detail.

Your testimony regarding the dates that police officers visited your parents was internally inconsistent and also inconsistent with your written statement. You first indicated that they visited your parents in 06/2009. Later, you said they went on 04/2009. You then said they went twice: first on 02/2009, and then on 06/2009, which you said was after you arrived in the U.S. When asked to clarify, you said they came in 2010, after the police collected materials from CUD, and you explained that you said 2009 previously because you were searching for universities during that time. When asked to explain why you said April and June 2009, you said that the exact date was 05/2009, and you clarified that 05/2009 was the first time they went to your parents'. You then said that 05/2009 was incorrect; the first visit was 02/2009 and the second visit was 03/2010, after the police had been to the CUD office. Your written statement submitted at the time of your interview indicates that the police went to your parents' only once, after you arrived in U.S. Your effort to provide an explanation for these inconsistencies is found not reasonable because your explanations were repeatedly contradictory. This testimony is material to your asylum eligibility insofar as the visits by police are relevant to the wellfoundedness of your fear.

Your written statement also indicates that you attended a CUD meeting in Iowa in 06/2009, which is inconsistent with your arrival in the U.S. in 08/2009. Asked to explain, you stated that the statement was incorrect and you were confused because you attended so many meetings in Ethiopia. Given the basic distinction between events occurring in Ethiopia and events occurring after your arrival in the U.S., your explanation is not found to be reasonable.

Your testimony regarding the efforts or police or other EPRDF forces to locate you was inconsistent with documents you submitted in support of your application. During the interview, you stated that officers went to your parents' house and to the CUD office. You were asked if people searched for

Case 1:20-cv-01756-TNM   Document 18-4   Filed 11/08/20   Page 5 of 5
Case 1:18-cv-01238   Document 1-1   Filed 05/29/18   Page 4 of 4
Case 1:13-cv-01566-ABJ   Document 1-4   Filed 10/11/13   Page 3 of 3

you at any other location and indicated they did not. However, at your interview, you provided a letter from Asnake Tilahun dated 4/11/2009 which references "recent repeated visits of unidentified guys to our residence." When asked to explain, you stated that the letter meant only that people were looking for you around your residence, but did not go inside. You stated that this friend did not live in the same residence as you, but lived some or several kilometers away. Your explanation was still inconsistent with the letter, which described repeated visits to the author's house before 04/2009. You explained that he lived far from your residence, but then moved to your residence after you left. Confronted with the inconsistency between your explanation and the letter's date, you said that your friend's letter, as well as your brother's letter, should be dated 4/11/2010. Asked to explain why both your friend and your brother made the same mistake, despite not knowing each other, you said that they were hurried and expected you to make the correction. Your explanation is not found to be reasonable, because you first indicated clearly that no other efforts were made to locate you, which was contradicted by the letter you submitted. Your explanation that the friend moved into your residence after you left Ethiopia contradicts the date of the letter. Your explanation that the date is incorrect is not reasonable because you assert that both the friend and your brother's letters are incorrect, and it is not reasonable that 2 individuals who do not know each other would write separate letters about separate events and make the identical mistake. Your testimony and the documents submitted are material to your eligibility insofar as they are relevant to the wellfoundedness of your fear.

As your testimony was not credible in material respects, you have failed to meet your burden of establishing that you are a refugee as required by 8 C.F.R. § 208.13(a). Consequently, you are ineligible for asylum.

Additionally, you may be statutorily barred from a grant on asylum for engaging in terrorist activity. You testified that you participated in a protest in 1989. During the protest, you threw stones at police officers. Such acts may constitute engaging in terrorist activity under INA § 212 (a)(3)(B)(iii)(V)(b).

For the reasons explained above, the Service has found that you are not eligible for asylum status in the United States.

You can provide rebuttal to this notice in support of your request. You have sixteen (16) days [6 days total for mail included] from the date of this notice to submit such rebuttal or new evidence. Failure to respond to this notice within this allotted time may result in the denial of your request for asylum.

Please direct any response to the address on this letterhead. Mark both the envelope and the contents as follows:

Attention: Fil

Sincerely,

For Marie Hummert
Asylum Office Director

— A37 —