UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMARA EMUWA, *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | Civil Action No. 20-1756 (TNM) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) | |
| *Defendant*. | ) ) ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant the Department of Homeland Security (the "Department"), specifically its sub-component U.S. Citizenship and Immigration Services ("USCIS"), by and through undersigned counsel, respectfully apprises the Court of the recent Supreme Court ruling in *U.S. Fish & Wildlife Services v. Sierra Club, Inc.,* 141 S. Ct. 777 (2021), a Freedom of Information Act ("FOIA") case that addressed the deliberative process privilege under FOIA Exemption 5. This new case law is directly applicable to the asylum assessments at issue in this case as discussed by the Parties in their motions. *See* ECF Nos. 14, 18-20.[1]

In *Sierra Club*, the Supreme Court examined a decision by the Ninth Circuit, which held that draft documents were not subject to the deliberative process privilege because they contained

---

[1] Defendant has not responded to Plaintiffs' Motion to Certify Class, ECF No. 13, as the agreed-upon briefing schedule did not contemplate briefing on the class action issue and is assumed to be deferred until the Court rules on preliminary matters. However, Defendant intends to move to strike the motion as to any surviving claims pursuant to Local Rule 23.1(b) ("A defendant may move at any time to strike the class action allegations or to dismiss the complaint"). Defendant proposes that after the Court decides the pending dispositive motion, the parties file a status report with a proposed schedule for briefing Plaintiff's class certification motion should any claims survive.

representations of an agency's final decision. To begin its analysis, the Supreme Court noted that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." 141 S. Ct. at 785 (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). The Court stated that that "to encourage candor, which improves agency decisionmaking, the [deliberative process] privilege blunts the chilling effect that accompanies the prospect of disclosure." *Id.* The Court discussed the nature of predecisional, deliberative documents, noting that "what matters, then, is not whether a document is last in line, but whether it communicates a policy on which the agency has settled." *Id.* at 786. The Court went on to state that in determining whether a document communicates a final agency position, courts "must consider whether the agency treats the document as its final view on the matter," which determines where the deliberative process ends and when the document will have "real operative effect." *Id.* (cleaned up). The Court further noted that "a document that leaves agency decisionmakers 'free to change their minds' does not reflect the agency's final decision." *Id.*

In looking at whether the draft documents at issue in the case are truly predecisional, the Court rejected a "proposed effects-based test" because any draft document could be challenged as having an "operative effect" and would thus gut the deliberative process privilege. *Id.* at 787-88. As such, a document must have "legal consequences, not merely practical consequences." *Id.* at 787. Thus, the Court ruled that "to determine whether the privilege applies, we must evaluate not whether the drafts provoked a response from [the agency] but whether [the agency] treated them as final." *Id.* at 788. The Court noted that decision-makers did not approve the documents in question, did not send them to the final adjudicating agency (the Environmental Protection Agency), and instead determined that more work needed to be done. *Id.* at 785. As such, the Court

ultimately held that even if a draft document expressed an agency's settled conclusion, a draft is a far cry from an "agency decision already made." *Id.*

The instant case concerns USCIS asylum assessments, which are documents that the Department uses in its immigration decision-making processes. Specifically at issue are the analysis sections of the assessments, which is written by an asylum officer after an asylum interview and is not a final agency decision; it is merely the sole protected place for an asylum officer to record their candid opinions, deliberations, analysis, and recommendations regarding the applicant's eligibility for asylum. *See* Eggleston Decl., ECF No. 14-2 ¶ 23. The final agency decisions on asylum claims are given directly to an alien in their Record of Determination, Notice of Intent to Deny, and/or Notice of Intent to Terminate; however, the analysis portions of the asylum assessments have never been treated as final or conveying the agency's final view on the matter, and instead always been treated as predecisional documents reflecting recommendations and deliberations. *Id.* ¶ 22.

As in *Sierra Club*, where draft documents contained final agency decisions but were not considered or deemed final by the agency, here the Department has withheld the analysis section of asylum assessments because the Department considers them to be pre-decisional, deliberative documents that are not final. The analysis sections are not treated or intended to be finalized documents reflecting the agency's ultimate decision (even if recommendations from the asylum officer are adopted). As such, the Department does not treat them as final and has never publicly released the analysis sections. Under the Supreme Court's reasoning in *Sierra Club*, the Department never considered the documents as representing its final decision, and the Department accordingly never treated these documents as it would a final decision document (i.e., release to the alien in an official format such as Record of Determination, Notice of Intent to Deny, and/or

Notice of Intent to Terminate). Therefore, *Sierra Club* further supports Defendant's position that the documents in question are deliberative and predecisional and, thus, protected by the deliberative process privilege.

Date: April 15, 2021        Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK,
Acting Chief, Civil Division

By:     /s/*Kristin D. Brudy-Everett*
KRISTIN D. BRUDY-EVERETT
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 252-2536
Kristin.Brudy-Everett@usdoj.gov

*Counsel for Defendant*