UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMARA EMUWA,** *et. al*, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> **U.S. DEPARTMENT OF HOMELAND SECURITY,** ) <br>  ) <br> Defendant. ) | Civil Action No. 20-1756 (TNM) |

**SUPPLEMENTAL DECLARATION OF CYNTHIA MUNITA**

I, CYNTHIA MUNITA, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury:

1. I am the Associate Center Director and Chief FOIA Officer in the Freedom of Information and Privacy Act (FOIA/PA) Unit, National Records Center (NRC), United States Citizenship and Immigration Services (USCIS), within the United States Department of Homeland Security (DHS), in Lee's Summit, Missouri. I have held the position of Associate Center Director since December 5, 2021. I received my Juris Doctorate in 2003, from the University of Missouri, Kansas City, School of Law and thereafter served at a private law practice and then at the Missouri State Public Defender's Office. I joined USCIS in 2008, as an Immigration Services Officer in the Kansas City Field Office and, in 2013, began serving as a Supervisory Immigration Services Officer in the Customer Relations Division at the National Benefits Center in Lee's Summit. In 2015, I was promoted to Section Chief of that Division and, then prior to serving in my current position as Associate Center Director, served as the USCIS Field Office Director in the Seattle Field Office since May 2017.

1

2. As FOIA Officer for USCIS, I supervise over 200 information access professionals who are responsible for the orderly processing of all public, congressional, judicial, and inter-/intra-agency requests or demands for access to USCIS records and information pursuant to the FOIA, Privacy Act, Executive Orders, departmental directives, regulations and compulsory legal process.

3. Through the exercise of my official duties as Acting Associate Center Director, I am familiar with USCIS's standard process for responding to FOIA requests, including search procedures for locating agency records.

4. The statements contained in this supplemental declaration are based on my personal knowledge, my review of relevant documents kept by USCIS in the course of ordinary business, and upon information provided to me by other USCIS employees in the course of my official duties.

5. This supplemental declaration is submitted in support of USCIS's Supplemental Brief in its Motion for Summary Judgment in this matter.

6. This declaration incorporates all of the statements in the Jill Eggleston Declaration provided on September 30, 2020 and is provided solely to address the narrow issue of foreseeable harm.

7. The Plaintiffs in this case are seeking disclosure of the pre-decisional, deliberative portions of four Assessments to Refer ("Assessments") pertaining to the asylum applications submitted by Plaintiffs Emuwa, Lukusa, Alqaraghuli, and Alantanhua.

8. USCIS's adjudication of asylum applications is a particularly sensitive context of national interest that is frequently covered in the press.

9. Assessments are a crucial part of the process by which USCIS adjudicates asylum applications. The Assessments at issue here are documents that were prepared by the

    USCIS asylum officers who interviewed the four asylum-applicant Plaintiffs. These Assessments were prepared by the asylum officers for their supervisors and document their candid impressions, opinions, and analyses of the evidence and explain the bases for their initial recommendations that the applications be denied and that the applicants be referred to immigration court for removal proceedings.

10. These Assessments were reviewed by the asylum officers' supervisors, who in turn made the ultimate decision on the asylum applications. Thus, the information withheld in the Assessments did not represent the Agency's final decisions, but were instead only the initial analysis, opinions, deliberations and recommendations of the asylum officers.

11. To ensure that asylum applications are properly adjudicated, it is critical that asylum officers be free to provide candid assessments of the evidence and eligibility criteria to their supervising officials for an ultimate determination. Asylum officers reasonably expect that the deliberations and initial recommendations that are contained within their Assessments will be viewed only by those within USCIS for purposes of rendering a final decision on asylum applications. It is only due to this expectation that these officers are able to render candid opinions and advice in the sensitive context of asylum adjudication to supervising officials.

12. The withheld portions of the four assessments at issue in this case reflect the asylum officer's analysis, opinions, deliberations, and recommendation regarding each applicant's eligibility for asylum. Specifically, these paragraphs reflect analysis by the asylum officer of testimonial and documentary evidence presented by the applicant and the opinion or recommendation as to whether the evidence satisfies

certain eligibility criteria, as well as analysis of all other factors pertinent to the applicant's eligibility.

13. In each case, the withheld information contains the officers' specific rationale for determining whether certain facts have been established or eligibility standards met. This includes reasons for crediting or discrediting the veracity of the applicants' statements and their assessments of whether the evidence submitted by the applicant is internally consistent and/or consistent with other evidence or information known to the asylum officer.

14. Revealing the specific pre-decisional deliberations withheld from the Assessments in this case would interfere with USCIS's ability to make sound judgments on asylum applications. Indeed, disclosure of this information would cause asylum officers to no longer feel free to discuss their evaluations of evidence or their analysis of the asylum eligibility criteria in an open and frank manner. Instead of focusing on providing cogent analysis, recommendations, and guidance, asylum officers would temper their discussions with the knowledge that their views and characterizations would be made public. Because candid evaluation by asylum officers is so important and necessary to the full and proper analysis and fair consideration of these asylum requests on the merits, disclosure of the withheld information would seriously impair USCIS's mission in adjudicating those petitions. Asylum adjudications are at their best when officers are able to focus on the substance of the information they are providing and not on whether their initial analyses, impressions, and recommendations may at some point be made publicly available.

15. Moreover, revealing the internal deliberations and analysis of USCIS asylum and supervisory asylum officers would provide bad actors with information that would allow them to tailor asylum applications and testimony in a favorable, but fraudulent, manner. For example, revealing the kinds of matters and information that the asylum officers considered in the Assessments for purposes of evaluating the applicants' credibility or used to determine whether certain facts or criteria had been established would allow bad actors to better fabricate evidence or testimony so that they might be granted asylum under false pretenses. Knowing that these details may be publicly revealed and used by potential bad actors would further stifle the free flow of information between asylum officers and their supervisors as this would provide further reason to be less forthcoming in their assessments and recommendations.

16. For all of the reasons described above, release of the redacted information contained in the four Assessments at issue here presents a foreseeable harm to the interests protected by the deliberative process privilege and FOIA exemption b(5).

17. When reviewing the redactions applied, the USCIS FOIA office conducted a foreseeable harm analysis on the withheld information. The FOIA Office considered whether any information could be segregated and released without causing a foreseeable harm to the agency and its operations. Based on this review of the processed records, the agency determined that no further segregation of meaningful information in the withheld documents described herein would be possible without disclosing information that warrants protection under the law. The only information withheld from the Plaintiffs is information that is entitled to protection from

disclosure that could cause a foreseeable harm to any agency operations if released.

18. I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Executed in Seattle, Washington, on this 14 day of January 2021

_____
Cynthia Munita
Associate Center Director
Freedom of Information Act & Privacy Act Unit
USCIS National Records Center