# EXHIBIT C

# Declaration of David L. Cleveland about being surprised in Immigration Court on May 23, 2016

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMARA EMUWA, et al, )<br>       Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF HOMELAND SECURITY, )<br>       Defendant, )<br>) | Civil Action No. 20-cv 1756 [TNM] |

DECLARATION OF DAVID L. CLEVELAND dated January 28, 2022

I, David L. Cleveland, pursuant to 28 U.S. C. § 1746, declare under penalty of perjury:

1. I am counsel for plaintiffs in this action.

2. In 2016, I was counsel for an asylum applicant from Ethiopia. We appeared for an Individual Hearing in the Arlington VA Immigration Court on May 23, 2016 at 9: 00 am.

3. Also in court that day was a lawyer employed by the U.S. Immigration and Customs Enforcement, a division of the DHS.

4. The applicant testified for about one hour; then, she was cross-examined by the

government lawyer. The government lawyer asked the applicant if she had made a certain statement to the asylum officer, and if that statement was recorded in the assessment of the officer.

5. I objected, stating that neither I nor the applicant had ever seen the assessment.

6. The government lawyer then handed me the three-page assessment, at about 10:00 am. The Immigration Judge told me to read it. So, standing there in court, with the government lawyer and judge looking at me, tapping their fingers, I skimmed over the assessment. I wanted to sit down, with the applicant, and go over it slowly. But, since everyone was staring at me, I acquiesced to the continuation of the hearing. This made me feel nervous and annoyed. It is unfair for an asylum applicant to be ambushed in court with a document she and her counsel had never seen.

7. If I tried to introduce a brand-new document into evidence, in the middle of a hearing, the government lawyer would protest and object loudly.

8. At page 3 of the assessment is a fact, not mentioned in the first several pages of the assessment. The asylum officer is supposed to recite the facts of the case in the first several paragraphs, and then comment on them in the second part of the assessment. But, in this assessment, at page 3, it states: "The applicant also testified to having been subjected ot FGM at the age of 8." This is a very important fact, because you can win asylum at times, if you have suffered Female Genital Mutilation. This fact should have been on page 1 of the Assessment. But it wasn't.

9. On page 2 of the assessment is a reference to a source: an article published by *Human Rights Watch* dated 24 May 2010. This source could be easily segregated out and given to the applicant in a FOIA request.

10. Attached hereto marked as Exhibit D is the 3-page assessment.

I declare under penalty of perjury under the laws of the District of Columbia that foregoing is true and accurate. Executed on the date indicated in the above caption.

Respectfully submitted,

/s/ David L. Cleveland
DAVID L. CLEVELAND