# U.S. District Court
## District of Columbia (Washington, DC)
### CIVIL DOCKET FOR CASE #: 1:20−cv−01756−TNM

| | |
|---|---|
| EMUWA et al v. UNITED STATES DEPARTMENT OF HOMELAND SECURITY | Date Filed: 06/29/2020 |
| Assigned to: Judge Trevor N. McFadden | Date Terminated: 05/10/2022 |
| Case: 1:20−cv−01128−TNM | Jury Demand: None |
| Case in other court: 21−05131 | Nature of Suit: 895 Freedom of Information Act |
| Cause: 05:552 Freedom of Information Act | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**AMARA EMUWA**    represented by    **David Laundon Cleveland**
DAVID LAUNDON CLEVELAND
1220 L Street NW
Ste 100
Washington, DC 20005
202−812−8684
Email: 1949.david@gmail.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MICHAUX LUKUSA**    represented by    **David Laundon Cleveland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MOHAMMED ALQARAGHULI**    represented by    **David Laundon Cleveland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FNU ALATANHUA**    represented by    **David Laundon Cleveland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LOUISE TRAUMA CENTER LLC**    represented by    **David Laundon Cleveland**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DEPARTMENT OF HOMELAND SECURITY**    represented by    **Derek S. Hammond**
DOJ−USAO

601 D Street, N.W.
Washington, DC 20530
(202) 252−2511
Email: derek.hammond@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristin Brudy−Everett**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
Civil Division
555 4th Street NW
Washington, DC 20530
(202) 252−2536
Email: kristin.brudy−everett@usdoj.gov
*TERMINATED: 12/01/2021*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/29/2020 | 1 | | COMPLAINT *AMARA EMUWA* against UNITED STATES DEPARTMENT OF HOMELAND SECURITY ( Filing fee $ 400 receipt number ADCDC−7278181) filed by AMARA EMUWA. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Civil Cover Sheet, # 10 Notice to Counsel/Party, # 11 Summons)(Cleveland, David) (Entered: 06/29/2020) |
| 06/29/2020 | 2 | | NOTICE OF RELATED CASE by FNU ALATANHUA, MOHAMMED ALQARAGHULI, AMARA EMUWA, LOUISE TRAUMA CENTER LLC, MICHAUX LUKUSA. Case related to Case No. 20−cv−1128. (zmc) (Entered: 06/29/2020) |
| 06/29/2020 | | | Case assigned to Judge Trevor N. McFadden. (zmc) (Entered: 06/29/2020) |
| 06/29/2020 | 3 | | SUMMONS (3) Issued Electronically as to UNITED STATES DEPARTMENT OF HOMELAND SECURITY, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(zmc) (Entered: 06/29/2020) |
| 06/29/2020 | 4 | | STANDING ORDER Establishing Procedures for Cases Before Judge Trevor N. McFadden. The parties are hereby ORDERED to read and comply with the directives in the attached standing order. Signed by Judge Trevor N. McFadden on 6/29/2020. (lctnm2) (Entered: 06/29/2020) |
| 06/30/2020 | 5 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 6/30/2020. Answer due for ALL FEDERAL DEFENDANTS by 7/30/2020. (Cleveland, David) (Entered: 06/30/2020) |
| 07/03/2020 | 6 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES DEPARTMENT OF HOMELAND SECURITY served on 7/2/2020 (Cleveland, David) (Entered: 07/03/2020) |
| 07/08/2020 | 7 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 07/06/2020. (Cleveland, David) (Entered: 07/08/2020) |

| 07/28/2020 | 8 | | MOTION for Extension of Time to File Answer by UNITED STATES DEPARTMENT OF HOMELAND SECURITY (Attachments: # 1 Text of Proposed Order)(Brudy−Everett, Kristin) (Entered: 07/28/2020) |
|---|---|---|---|
| 07/28/2020 | | | MINUTE ORDER denying Defendant's 8 Motion for Extension of Time to File Answer. Defendant's motion fails to comply with Local Civil Rule 7(m), which requires the moving party to discuss any anticipated nondispositive motion in a civil action with opposing counsel and to "include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed." Defendant's motion also fails to comply with Paragraph 9(A) of the Court's 4 Standing Order, which states that motions for extension of time "must be filed at least four business days prior to the first affected deadline." SO ORDERED. Signed by Judge Trevor N. McFadden on 7/28/2020. (lctnm2) (Entered: 07/28/2020) |
| 07/30/2020 | 9 | | ANSWER to Complaint by UNITED STATES DEPARTMENT OF HOMELAND SECURITY. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Brudy−Everett, Kristin) (Entered: 07/30/2020) |
| 07/31/2020 | | | MINUTE ORDER. Before the Court are a Complaint and an Answer in this FOIA case. It is hereby ORDERED that the parties shall meet and confer and file a Joint Status Report proposing a schedule for proceeding in this matter. The schedule should address, among other things, the status of Plaintiff's FOIA request, the anticipated number of documents responsive to Plaintiff's FOIA request, the anticipated date(s) for release of the documents requested by Plaintiff, whether a motion for an *Open America* stay is likely in this case, whether a *Vaughn* index will be required in this case, and a briefing schedule for dispositive motions, if required. The parties shall file the report on or before August 31, 2020. SO ORDERED. Signed by Judge Trevor N. McFadden on 7/31/2020. (Entered: 07/31/2020) |
| 07/31/2020 | | | Set/Reset Deadlines: Joint Status Report due by 8/31/2020. (hmc) (Entered: 07/31/2020) |
| 08/31/2020 | 10 | | Joint STATUS REPORT by UNITED STATES DEPARTMENT OF HOMELAND SECURITY. (Brudy−Everett, Kristin) (Entered: 08/31/2020) |
| 08/31/2020 | | | MINUTE ORDER. Upon consideration of the 10 Joint Status Report, it is hereby ORDERED that the parties shall appear for a Status Conference on September 9, 2020, at 10:00 a.m., before Judge Trevor N. McFadden. The conference will take place by telephone. Dial−in information will be emailed to counsel. SO ORDERED. Signed by Judge Trevor N. McFadden on 8/31/2020. (lctnm2) (Entered: 08/31/2020) |
| 08/31/2020 | | | Set/Reset Hearings: Telephonic Status Conference set for 9/9/2020 at 10:00 AM before Judge Trevor N. McFadden. (hmc) (Entered: 08/31/2020) |
| 09/09/2020 | | | Minute Entry for proceedings held before Judge Trevor N. McFadden: Telephonic Status Conference held on 9/9/2020. Defendant's Motion for Summary Judgment due by 9/30/2020. Plaintiffs' combined Cross−Motion and Opposition to Defendant's Motion for Summary Judgment due by 10/30/2020. Defendant's combined Opposition to Plaintiffs' Cross−Motion and Reply due by 11/20/2020. Plaintiffs' Reply in support of their Cross−Motion due by 12/11/2020. (Court Reporter: Crystal Pilgrim.) (hmc) (Entered: 09/09/2020) |

| | | | |
|---|---|---|---|
| 09/22/2020 | 11 | | MOTION for Extension of Time to File *Motion for Class Certification* by AMARA EMUWA (Cleveland, David) (Entered: 09/22/2020) |
| 09/22/2020 | | | MINUTE ORDER. Before the Court is Plaintiffs' 11 Motion for Extension of Time to File Motion for Class Certification. Plaintiffs state that they sought but "did not obtain" Defendant's consent for this motion. Defendant shall respond to Plaintiffs' 11 Motion on or before September 24, 2020. SO ORDERED. Signed by Judge Trevor N. McFadden on 9/22/2020. (lctnm2) (Entered: 09/22/2020) |
| 09/23/2020 | | | Set/Reset Deadlines: Defendant's response to Plaintiffs' 11 Motion due by 9/24/2020. (hmc) (Entered: 09/23/2020) |
| 09/24/2020 | 12 | | RESPONSE re 11 MOTION for Extension of Time to File *Motion for Class Certification* filed by UNITED STATES DEPARTMENT OF HOMELAND SECURITY. (Brudy−Everett, Kristin) (Entered: 09/24/2020) |
| 09/25/2020 | | | MINUTE ORDER denying Plaintiffs' 11 Motion for Extension of Time to File Motion for Class Certification. Plaintiffs provide no basis for their extension request and therefore fail to establish good cause for the extension. *See* Fed. R. Civ. P. 6(b)(1). SO ORDERED. Signed by Judge Trevor N. McFadden on 9/25/2020. (lctnm2) (Entered: 09/25/2020) |
| 09/28/2020 | 13 | | MOTION to Certify Class by AMARA EMUWA (Cleveland, David) (Entered: 09/28/2020) |
| 09/30/2020 | 14 | | MOTION for Summary Judgment *and Statement of Facts* by UNITED STATES DEPARTMENT OF HOMELAND SECURITY (Attachments: # 1 Exhibit A − DHS Vaughn Index, # 2 Exhibit B − Declaration of Jill A. Eggleston, # 3 Text of Proposed Order)(Brudy−Everett, Kristin) (Entered: 09/30/2020) |
| 10/28/2020 | 15 | | Memorandum in opposition to re 14 MOTION for Summary Judgment *and Statement of Facts* filed by AMARA EMUWA. (Attachments: # 1 Statement of Facts, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(Cleveland, David) (Entered: 10/28/2020) |
| 10/29/2020 | 16 | | MOTION for Summary Judgment by AMARA EMUWA (Attachments: # 1 Statement of Facts)(Cleveland, David) (Entered: 10/29/2020) |
| 11/02/2020 | | | MINUTE ORDER. The Court has placed the Plaintiff's 15 Memorandum in Opposition under seal because it contains private personal information that should have been redacted. The Plaintiffs shall file a properly redacted version of their 15 Memorandum for the public docket on or before 11/9/2020. SO ORDERED. Signed by Judge Trevor N. McFadden on 11/2/2020. (lctnm2) (Entered: 11/02/2020) |
| 11/02/2020 | | | Set/Reset Deadlines: Plaintiffs' redacted version due by 11/9/2020. (hmc) (Entered: 11/02/2020) |
| 11/06/2020 | 17 | | ERRATA by AMARA EMUWA 14 MOTION for Summary Judgment *and Statement of Facts* filed by UNITED STATES DEPARTMENT OF HOMELAND SECURITY. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit)(Cleveland, David) (Entered: 11/06/2020) |
| 11/06/2020 | | | MINUTE ORDER. The Court has placed the Plaintiffs' 17 Errata under seal because it contains third party personally identifiable information ("PII") that |

| | | | |
|---|---|---|---|
| | | | has not been properly redacted. On 11/2/2020, the Court ordered the Plaintiffs to "file a properly redacted version of their 15 Memorandum for the public docket." The Plaintiffs have failed to comply with this order, as their 17 Errata contains PII that is still visible or partially visible. The Plaintiffs shall file a fully redacted version of their 15 Memorandum for the public docket on or before 11/13/2020. The Court takes protection of third parties' PII seriously and expects all parties to do likewise. Failure to adhere to this Order may result the imposition of sanctions. SO ORDERED. Signed by Judge Trevor N. McFadden on 11/6/2020. (lctnm2) (Entered: 11/06/2020) |
| 11/06/2020 | | | Set/Reset Deadlines: Plaintiffs' redacted version due by 11/13/2020. (hmc) (Entered: 11/06/2020) |
| 11/08/2020 | 18 | | ERRATA *Memorandum in Opposition* by AMARA EMUWA. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit)(Cleveland, David) (Entered: 11/08/2020) |
| 11/20/2020 | 19 | | REPLY to opposition to motion re 16 MOTION for Summary Judgment filed by UNITED STATES DEPARTMENT OF HOMELAND SECURITY. (Brudy−Everett, Kristin) (Entered: 11/20/2020) |
| 12/11/2020 | 20 | | REPLY to opposition to motion re 16 MOTION for Summary Judgment filed by AMARA EMUWA. (Attachments: # 1 Exhibit)(Cleveland, David) (Entered: 12/11/2020) |
| 04/15/2021 | 21 | | NOTICE OF SUPPLEMENTAL AUTHORITY by UNITED STATES DEPARTMENT OF HOMELAND SECURITY (Brudy−Everett, Kristin) (Entered: 04/15/2021) |
| 05/31/2021 | 22 | | MOTION for Leave to File *Sur Reply* by All Plaintiffs. (Attachments: # 1 Exhibit)(Cleveland, David) Modified on 6/2/2021 (zeg). (Entered: 05/31/2021) |
| 06/03/2021 | 23 | | MEMORANDUM OPINION re the parties' 14 and 16 Motions for Summary Judgment. Signed by Judge Trevor N. McFadden on 6/3/2021. (lctnm2) (Entered: 06/03/2021) |
| 06/03/2021 | 24 | | ORDER. For the reasons stated in 23 Memorandum Opinion, Defendant's 14 Motion for Summary Judgment is GRANTED; Plaintiffs' 16 Cross−Motion for Summary Judgment is DENIED; Plaintiffs' 13 Motion for Class Certification is DENIED as moot; and Plaintiffs' 22 Motion for Leave to File a Sur−reply is GRANTED in part and DENIED in part. See attached Order for details. Signed by Judge Trevor N. McFadden on 6/3/2021. (lctnm2) (Entered: 06/03/2021) |
| 06/10/2021 | 25 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 23 Memorandum & Opinion, 24 Order, by AMARA EMUWA. Filing fee $ 505, receipt number ADCDC−8516657. Fee Status: Fee Paid. Parties have been notified. (Cleveland, David) (Main Document 25 replaced on 6/11/2021) (zeg). (Entered: 06/10/2021) |
| 06/11/2021 | 26 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 25 Notice of Appeal to DC Circuit Court,. (eg) (Entered: 06/11/2021) |
| 06/15/2021 | | | USCA Case Number 21−5131 for 25 Notice of Appeal to DC Circuit Court, filed by AMARA EMUWA. (eg) (Entered: 06/15/2021) |

| 11/12/2021 | | | MINUTE ORDER. In light of the D.C. Circuit's order remanding this case for further proceedings, the Clerk of Court is directed to reopen this case. The parties are hereby directed to confer and propose further proceedings in this case by December 3, 2021. SO ORDERED. Signed by Judge Trevor N. McFadden on 11/12/21. (lctnm2) (Entered: 11/12/2021) |
|---|---|---|---|
| 11/12/2021 | 27 | | ORDER of USCA (certified copy) as to 25 Notice of Appeal to DC Circuit Court, filed by AMARA EMUWA ; USCA Case Number 21−5131. (zeg) (Entered: 11/24/2021) |
| 11/15/2021 | | | Set/Reset Deadlines: Parties directed to confer and propose further proceedings by 12/3/2021. (hmc) (Entered: 11/15/2021) |
| 12/01/2021 | 28 | | NOTICE OF SUBSTITUTION OF COUNSEL by Derek S. Hammond on behalf of All Defendants Substituting for attorney Kristin Brudy−Everett (Hammond, Derek) (Entered: 12/01/2021) |
| 12/01/2021 | 29 | | PROPOSED BRIEFING SCHEDULE by DEPARTMENT OF HOMELAND SECURITY. (Attachments: # 1 Text of Proposed Order)(Hammond, Derek) (Entered: 12/01/2021) |
| 12/01/2021 | | | MINUTE ORDER. Upon consideration of the parties' 29 Joint Proposed Briefing Schedule, the Court orders the Defendant to submit a supplemental brief on or before January 17, 2022. Plaintiffs shall file a response on or before January 31, 2022; and Defendant shall submit a reply on or before February 14, 2022. SO ORDERED. Signed by Judge Trevor N. McFadden on 12/1/21. (lctnm2) (Entered: 12/01/2021) |
| 12/01/2021 | | | Set/Reset Deadlines: Supplemental brief due by 1/17/2022; response due by 1/31/2022; reply due by 2/14/2022. (ztg) (Entered: 12/01/2021) |
| 01/17/2022 | 30 | | SUPPLEMENTAL MEMORANDUM to filed by DEPARTMENT OF HOMELAND SECURITY. (Attachments: # 1 Declaration of Cynthia Munita)(Hammond, Derek) (Entered: 01/17/2022) |
| 01/29/2022 | 31 | | Memorandum in opposition to re 14 MOTION for Summary Judgment *and Statement of Facts* filed by AMARA EMUWA. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Cleveland, David) (Entered: 01/29/2022) |
| 02/14/2022 | 32 | | SUPPLEMENTAL MEMORANDUM to filed by DEPARTMENT OF HOMELAND SECURITY. (Hammond, Derek) (Entered: 02/14/2022) |
| 05/09/2022 | 33 | | MEMORANDUM OPINION re the parties' 14 , 16 Motions for Summary Judgment in light of the 30 , 31 , 32 supplemental briefing and the remand from the D.C. Circuit. Signed by Judge Trevor N. McFadden on 5/9/22. (lctnm2) (Entered: 05/09/2022) |
| 05/09/2022 | 34 | | ORDER. For the reasons stated in the 23 , 33 Memorandum Opinions, Defendant's 14 Motion for Summary Judgment is GRANTED and Plaintiffs' 16 Motion for Summary Judgment is DENIED. See attached Order for details. Signed by Judge Trevor N. McFadden on 5/9/22. (lctnm2) (Entered: 05/09/2022) |
| 05/25/2022 | 35 | | NOTICE OF APPEAL TO DC CIRCUIT COURT by AMARA EMUWA. Filing fee $ 505, receipt number ADCDC−9260922. Fee Status: Fee Paid. |

| | | | Parties have been notified. (Cleveland, David) (Main Document 35 replaced on 5/26/2022 as it was fillable) (ztnr). (Entered: 05/25/2022) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMARA EMUWA, et al
                    Plaintiff

                vs.                           Civil Action No. 20-01756

U.S. Dep't of Homeland Security
                    Defendant

# NOTICE OF APPEAL

Notice is hereby given this  25  day of  May , 20 22 , that plaintiffs, Amara Emuwa, et al., hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this Court entered on the  9  day of  May , 20 22 in favor of  defendant against said  plaintiffs

David L. Cleveland
Attorney or Pro Se Litigant
1220 L Street NW #100
Washington DC 20005
[202] 812-8684

Address and Phone Number

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**  Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

Derek Hammond, AUSA
555 4th Street NW
Washington DC 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMARA EMUWA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Case No. 1:20-cv-01756 (TNM) |

## ORDER

Upon consideration of the pleadings, relevant law, related legal memoranda in opposition and support, and the entire record, for the reasons set forth in the accompanying Memorandum Opinions it is hereby

**ORDERED** that Defendant's [14] Motion for Summary Judgment is GRANTED and Plaintiffs' [16] Motion for Summary Judgment is DENIED.

**SO ORDERED**.

This is a final, appealable Order. The Clerk of Court is requested to close this case.

Dated: May 9, 2022

2022.05.09
17:22:23 -04'00'

TREVOR N. McFADDEN, U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMARA EMUWA**, *et al.*, <br><br>　　　　　Plaintiffs, <br><br>　　　v. <br><br> **U.S. DEPARTMENT OF HOMELAND SECURITY**, <br><br>　　　　　Defendant. | Case No. 1:20-cv-01756 (TNM) |

## MEMORANDUM OPINION

Plaintiffs—four individuals and one organization—seek asylum documents called Assessments to Refer from the Department of Homeland Security (DHS). Those documents contain an asylum officer's impressions after an asylum interview and his recommendation on whether asylum should be granted. DHS produced the factual portions but withheld the analytical portions under the deliberative process privilege. In a prior opinion, the Court confirmed the applicability of that privilege to the withheld information and granted summary judgment to the agency. *See Emuwa v. DHS*, No. 20-cv-1756 (TNM), 2021 WL 2255305, at *9 (D.D.C. June 3, 2021). The Court also explained that DHS had shown "why disclosure of the redacted information in the Assessments would cause harm." *Id.* at *8.

Plaintiffs appealed. At the parties' request, the D.C. Circuit remanded the case for further consideration in light of its opinion in *Reporters Committee for Freedom of the Press v. FBI*, 3 F.4th 450 (D.C. Cir. 2021). After supplemental briefing from the parties, the Court finds that

*Reporters Committee* does not mandate a different result. The Court thus will again grant summary judgment to DHS.[1] *See* Order, ECF No. 24.

The Court incorporates by reference the factual recitation and analysis in its prior opinion. This remand is limited to foreseeable harm. The Court accordingly will not reconsider its previous holding that the agency properly invoked the deliberative process privilege.

Some background on foreseeable harm is in order. Under a 2016 amendment to FOIA, an agency may not withhold otherwise exempt information unless "the agency reasonably foresees that disclosure would harm an interest protected by" a FOIA exemption. 5 U.S.C. § 552(a)(8)(A)(i)(I).

Two recent cases from the D.C. Circuit and one from this Court elucidate the standard for the foreseeable harm requirement. In *Machado Amadis v. Department of State*, 971 F.3d 364 (D.C. Cir. 2020), the agency withheld under the deliberative process privilege some recommendations, discussion, and search notes about FOIA processing. After finding the agency properly invoked the privilege, *see id.* at 370, the court also held that it had met the foreseeable harm requirement, *see id.* at 371. The agency's declaration said that disclosure would discourage candid discussions among line attorneys, thereby hindering "the forthright internal discussions necessary for efficient and proper adjudication of administrative appeals." *Id.* (quoting agency declaration). The Circuit denied that the agency had provided only "generalized assertions that 'could' chill deliberations." *Id.* (quoting plaintiff's brief). The agency instead had "specifically focused on the information at issue" in the forms and had

---

[1] The D.C. Circuit did not explicitly vacate the Court's Order granting summary judgment, arguably leaving that judgment intact. *See* Per Curiam Order, No. 21-5131, *Emuwa v. DHS* (D.C. Cir., Nov. 12, 2021). But the Court treats the Circuit's mandate as an implied vacatur because if *Reporters Committee* did change the outcome, the Court would issue a new Order. And the Court could give that new Order only if the Circuit meant to vacate the previous one.

2

"concluded that disclosure of that information 'would' chill future discussions." *Id.* (quoting agency declaration). Thus, the agency permissibly withheld the privileged information.

The D.C. Circuit returned to the foreseeable harm requirement in *Reporters Committee for Freedom of the Press v. FBI*, 3 F.4th 350 (D.C. Cir. 2021). There, the plaintiff submitted multiple FOIA requests for records about FBI agents impersonating reporters. *See id.* at 359. The FBI withheld a bevy of information under the deliberative process privilege, including emails between Director Comey and agency officials about a public editorial written by Comey about the incident. *See id.* at 360–61. The Committee challenged those withholdings.

The court held that the agency had not met the foreseeable harm requirement. The agency's declaration had said that disclosure "would have an inhibiting effect upon agency decisionmaking" because it "would chill full and frank discussions" inside the agency. *Id.* at 370. Decisionmakers would be "less candid and more circumspect in expressing their thoughts." *Id.* The court rejected this explanation as an insufficient "perfunctory statement." *Id.* at 372. The agency had merely "mouth[ed] the generic rationale for the deliberative process privilege itself" rather than provide a "focused and concrete" explanation for why disclosure would, "in the specific context of the agency action at issue, actually impede those same agency deliberations going forward." *Id.* at 370. The agency's failure to show a foreseeable harm required disclosure of draft reports, even though the deliberative process privilege covered those reports. *See id.* at 371.

After *Machado Amadis* and *Reporters Committee*, agencies must make two showings. *First*, the agency must, as always, show that a FOIA exemption applies to withheld information. *See Jud. Watch, Inc. v. Dep't of Treasury*, 802 F. Supp. 2d 185, 193 (D.D.C. 2011). *Second*, the agency must articulate, in a "focused and concrete" way, the harm that would result from

3

disclosure, including the basis and likelihood of that harm. *Reporters Comm.*, 3 F.4th at 370. Failure to make both showings warrants disclosure. *See Ctr. for Investigative Reporting v. CBP*, 436 F. Supp. 3d 90, 105–06 (D.D.C. 2019) ("In sum, FOIA now requires that an agency release a record—even if it falls within a FOIA exemption—if releasing the record would not reasonably harm an exemption-protected interest and if its disclosure is not prohibited by law.") (cleaned up).

This Court applied those principles in *Reporters Committee for Freedom of the Press v. U.S. Customs and Border Protection*, — F. Supp. 3d —, No. 18-cv-155 (TNM), 2021 WL 4843970 (D.D.C. Oct. 18, 2021). There, CBP withheld information related to a summons issued to the owner of a Twitter account critical of the agency. *See id.* at *1. On foreseeable harm, the agency asserted that disclosure "would hamper [its] day-to-day operations because employees would not feel comfortable" divulging their views. *Id.* at *7. For other information, the agency said that officials might "not share their views," *id.* at *8, or "voice their ideas or concerns freely," *id.* at *10, if the documents were disclosed. The agency also said that employees "must feel candid" when seeking input from colleagues, *id.* at *9, and that disclosure "would have a chilling effect on communication" between those employees," *id.* at *16.

The Court rejected these assertions as insufficient statements of foreseeable harm. The agency was concerned "only with a lack of candor" and the effect on agency decisions. *Id.* at *9. Nowhere did it link those risks of disclosure to the specific information being withheld. And general statements about candor, without more, merely restated "the generic rationales for the privilege itself." *Id.* at *16 (cleaned up). Because of the agency's "lackluster" showing of foreseeable harm, the Court ordered disclosure of all information withheld under the deliberative process privilege. *Id.* at *17.

4

\* \* \*

Here, DHS has submitted a supplemental declaration explaining the foreseeable harm from disclosure of the Assessments. *See* Supp. Decl. of Cynthia Munita, ECF No. 30-1 (Munita Decl.). To properly adjudicate asylum applications, asylum officers must feel free "to provide candid assessments of the evidence and eligibility criteria to their supervising officials." *Id.* ¶ 11. Asylum officers therefore expect that "only [ ] those within USCIS" will view the analysis portions of the Assessments. *Id.*

Disclosing that analysis would impact USCIS's "ability to make sound judgments on asylum applications." *Id.* ¶ 14. "[W]ith the knowledge that their views and characterizations would be made public," asylum officers would "temper their discussions." *Id.* That restraint "would seriously impair USCIS's mission in adjudicating those petitions." *Id.* Asylum officers should focus on "the substance of the information they are providing," not whether their impressions "may at some point be made publicly available." *Id.*

More, bad actors could leverage the internal deliberations of asylum officers "to tailor asylum applications and testimony in a favorable, but fraudulent, manner." *Id.* ¶ 15. For example, how asylum officers evaluate an applicant's credibility or determine certain pertinent facts would allow bad actors to "better fabricate evidence or testimony." *Id.* And since asylum officers would know that their own impressions could be disclosed and used that way, they would be "less forthcoming in their assessments and recommendations." *Id.* That would "stifle the free flow of information between asylum officers." *Id.*

Given this detailed explanation, the Court easily rejects Plaintiffs' argument that the declaration is "boilerplate." *See* Pls.' Supp. Br. at 19, ECF No. 31 (Pls.' Br.).[2] Unlike the

---

[2] All page citations refer to the pagination generated by the Court's CM/ECF filing system.

unmoored agency assertions in this Court's *Reporters Committee* case, DHS "specifically focused on the information at issue" in the Assessments and explained how disclosure of that information "would chill future internal discussions." *Machado Amadis*, 971 F.3d at 371 (cleaned up). Specifically, asylum officers would "temper their discussions" of a particular applicant and would focus less on "the substance of the information" in the asylum file. Munita Decl. ¶ 14. And the agency discussed how disclosure would impede agency deliberations in a "specific context," *Reps. Comm.*, 3 F.4th at 370—namely, "the full and proper analysis and fair consideration of [ ] asylum requests on the merits." Munita Decl. ¶ 14. That specificity mirrors the adequate declaration in *Machado Amadis*, where the agency discussed how disclosure would hinder "proper adjudication of administrative appeals." 971 F.3d at 371 (cleaned up).

These robust explanations from DHS carry the agency's burden under the foreseeable harm requirement.

Plaintiffs respond that DHS has released Assessments in recent (and not so recent) cases. *See* Pls.' Br. at 20, 26, 33. The Court rejected this same argument in its prior opinion. *See Emuwa*, 2021 WL 2255305, at *9. An agency does not forfeit or waive a FOIA exemption "as to an entire class of documents by voluntarily releasing one document of that type." *Bayala v. DHS*, 264 F. Supp. 3d 165, 174 (D.D.C. 2017); *see Abtew v. DHS*, 808 F.3d 895, 900 (D.C. Cir. 2015) ("[A]n agency does not forfeit a FOIA exemption simply by releasing similar documents in other contexts."). So too an agency does not forfeit its ability to assert foreseeable harm as to documents in that same class. *See Emuwa*, 2021 WL 2255305, at *9.

Likewise, DHS's release of "other similar documents," does not undermine its assertion of harm as to Assessments. Pls.' Br. at 31. As the Court noted, those documents "relate to

6

different asylum procedures" and thus do not affect whether disclosing Assessments will lead to foreseeable harm. *Emuwa*, 2021 WL 2255305, at *9.

Plaintiffs also dismiss DHS's emphasis on potential fraud as an inappropriate assertion of foreseeable harm. They cite the statutory text of the requirement itself, which requires DHS to foresee that disclosure "would harm an interest protected by" a FOIA exemption. 5 U.S.C. § 552(a)(8)(A)(i)(I). According to Plaintiffs, the harm envisioned in Exemption 5—under which DHS asserts the deliberative process privilege—is a lack of candor within agencies, not fraud by bad actors. *See* Pls.' Br. at 22–23.

The Court disagrees. For one thing, DHS's discussion of the need for candid evaluations, *see* Munita Decl. ¶ 14, is enough to carry the agency's burden without any reference to fraud. More, DHS has expressly tied its fraud concerns to candor inside the agency. As DHS explains, asylum officers will "be less forthcoming in their assessments and recommendations" if they know that bad actors could use those recommendations. Munita Decl. ¶ 15. That type of harm—the "chilling of candid advice"—is "exactly what the privilege seeks to prevent" under Exemption 5. *Machado Amadis*, 971 F.3d at 371. True, DHS mentions fraud, but only because the possibility of fraud would dissuade full and fair deliberation. That is a proper assertion of foreseeable harm under Exemption 5. *See Cause of Action Inst. v. Export-Import Bank*, No. 19-cv-1915 (JEB), 2022 WL 252028, at *9 (D.D.C. Jan. 27, 2022) (upholding assertion of foreseeable harm under Exemption 5 when disclosure would have informed bad actors of agency vulnerabilities, thereby chilling internal agency deliberations).

Plaintiffs' other arguments are unavailing. *First*, Plaintiffs argue that the declarant, Cynthia Munita, lacks personal knowledge and "relies too much on un-sourced hearsay" in her declaration. Pls.' Br. at 16. Not so. In the first place, Munita worked as an immigration services

7

officer for many years before becoming a FOIA officer. *See* Munita Decl. ¶ 1. She has at least some knowledge about how immigration officials conduct their business. More, "FOIA declarants may include statements in their declarations based on information they have obtained in the course of their official duties." *Hainey v. DOI*, 925 F. Supp. 2d 34, 41 (D.D.C. 2013) (cleaned up). That includes information "relayed to [the declarant] by her subordinates." *DiBacco v. Dep't of the Army*, 926 F.3d 827, 833 (D.C. Cir. 2019). Munita attests that her declaration includes information provided "by other USCIS employees." Munita Decl. ¶ 4. That statement is enough.

The Court also affords agency declarations a presumption of good faith rebuttable only by "contradictory evidence in the record or by evidence of the agency's bad faith." *Aguiar v. DEA*, 865 F.3d 730, 734–35 (D.C. Cir. 2017). Plaintiffs' musings about who told what to Munita, *see* Pls.' Br. at 19, are "speculative claims" incapable of rebutting that presumption. *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

The same presumption likewise defeats Plaintiffs' argument that a typographical error in the declaration shows Munita's lack of knowledge. *See* Pls.' Br. at 29. She suggests in one fragment of one sentence that multiple people write the Assessments. *See* Munita Decl. ¶ 15 ("Moreover, revealing the internal deliberations and analysis of USCIS asylum and supervisory asylum officers . . . ."). That suggestion is wrong—only asylum officers write the Assessments. *See* Def.'s Reply, ECF No. 32 at 6, n.1. The Court agrees with the agency, however, that this mistake is a "trivial matter" insufficient to rebut the good-faith presumption afforded the declaration, which everywhere else affirms that only asylum officers contribute to Assessments. *SafeCard*, 926 F.2d at 1202.

8

*Second*, Plaintiffs argue that Munita nowhere explains "how officers would behave differently in the future" or "how information in one assessment leads to fraud in a future case." Pls.' Br. at 23.  Plaintiffs are wrong on both counts.  Munita describes how officers would be less forthcoming were their assessments disclosed publicly, thereby harming the agency's mission.  *See* Munita Decl. ¶¶ 14–15.  That is a sufficient explanation of future officer behavior.  *See Machado Amadis*, 971 F.3d at 371 (explaining that disclosure would discourage government actors from "candidly discussing their ideas . . . thus impairing the forthright internal discussions necessary for efficient and proper" agency adjudications (cleaned up)).  And Munita clearly explains how disclosure could lead to fraud.  Bad actors would "tailor" their applications—such as by "fabricat[ing] evidence or testimony"—to receive asylum "under false pretenses."  Munita Decl. ¶ 15.

*Third*, Plaintiffs ding the declaration for not adequately explaining "how disclosure of sources or authorities cited in [A]ssessments would result in harm."  Pls.' Br. at 26.  The Court easily rejects this argument.  DHS has adequately explained what harm would result from disclosure of an asylum officer's "analyses, impressions, and recommendations" of a particular applicant.  Munita Decl. ¶ 14.  Cited sources are part of that analysis, so DHS's adequate assertion of harm for the documents also applies to the sources cited within.

*Fourth*, Plaintiffs make multiple public policy arguments for why DHS should disclose the Assessments.  *See, e.g.*, Pls.' Br. at 27 ("What if a source is unreliable?"); 28 ("Are asylum officers following their instructions?").  Plaintiffs even compare Assessments to district court decisions, implying that disclosure will help transparency in government.  *See id.* at 25.  These arguments are far afield of foreseeable harm, the only topic for remand.  They are therefore irrelevant.

*Finally*, Plaintiffs assert that DHS has not released all reasonably segregable information. *See* Pls.' Br. at 34–35. Like Plaintiffs' public policy arguments, segregability is outside the scope of this remand. The Court stands by its segregability analysis in the previous opinion. *See Emuwa*, 2021 WL 2255305, at *10–*11.

* * *

In sum, DHS has adequately shown that foreseeable harm would result from disclosure of the Assessments. *Reporters Committee* does not counsel otherwise. For the reasons discussed here and in the prior opinion, the Court will grant the agency's motion for summary judgment and will deny Plaintiffs' cross motion. A separate Order will issue.

Dated: May 9, 2022

2022.05.09 17:20:56 -04'00'

TREVOR N. McFADDEN, U.S.D.J.